### STEVENSON v. MATTHEWS.

Where a trust was created for the purposes of trade, and debts are contracted in the prosecution of the trust for which by the terms of the deed the trust property is liable, the trustee is a proper party to an action to enforce payment of the debts out of the fund, and he may be added after the judgment was reversed for want of proper parties.

IN error from the Common Pleas of Mercer.
The case is sufficiently stated in the opinion of this court.

*Oct.* 6. COULTER, J.—This case is substantially ruled by Mathews *v.* Stephenson, 6 Barr, 496. That was the same case brought into this court, for errors somewhat different from the error assigned at this time, and reversed because Oliver Stevenson, the grantor and creator of the trust, was not made a party defendant.

In the present aspect of the case, the error assigned is, that the said Oliver was permitted by the court below to appear and make himself one of the defendants.

The whole proceeding would perhaps be irregular, upon common-law principles, relating to the origin and conduct of suits at law. But the suit was brought in the court below, and a declaration filed, setting out the special facts in the nature of a bill in chancery. The object was to reach a trust fund, under the control and management of a trustee who was worth nothing himself, but contracted debts in dealing on the trust property and money, for the benefit of the *cestuis que trust,* who are also parties.

In the case referred to, it was ruled, that the trust property was liable, and might be reached by an action of this kind; but that, in analogy to proceedings in equity, all persons who might have any interest in the fund ought to be made parties. The cause was sent back, with an intimation, that perhaps as a chancellor would supply the parties by a supplemental bill, the court might bring in Oliver Stevenson in the mode therein indicated. That case, to wit, 6 Barr, 496, will fully explain the attitude of the cause when it left this court.

When the cause was remitted to the court below, Oliver Stevenson appeared and prayed leave to be added as a defendant, and the court granted leave. He accordingly filed his appearance. And this is assigned as error by the other defendants. In chancery, the proceeding would have been perfectly regular.

And when we adopt the principles of equity, we must, to some extent, adopt the mode of proceeding in chancery, to give them effect. In addition to the authority cited in the case in 6 Barr, 496, I might mention the case of a declaration on a lost bond, and the rendition of a conditional verdict, as strong innovations on the common-law mode of proceeding in common-law courts, for the purpose of giving effect to equity principles.

There would seem to have been no other mode of reaching the fund, which this court decided to be liable, except in the mode of action, and the form of entering the judgment, which was adopted in this case. The addition of Oliver Stevenson as a defendant did injustice to no one, particularly not to the other defendants, and was only necessary in order to conform to the chancery mode of proceeding; inasmuch as there was no plea in abatement by the defendants, which would have been necessary at common law, and merely enabled the court to accomplish justice according to equity. He is a good judge, it has been said by high authority, who

amplifies his jurisdiction. We think there was no error in allowing Oliver Stevenson to make himself a party, as if the writ had been served upon him. As to the form of entering judgment, so as to affect the trust fund only, that has a precedent in Aycinena v. Perics, 6 W. & S. 243; and has authority in the case in 6 Barr, 496.

Judgment affirmed.