## Wiley's Executors' Appeal.

1. The provisions of the Act of 1834, which give the Orphans' Court jurisdiction to decree specific performance of the contracts of decedents for the sale and conveyance of real estate, do not confer upon that court the power, expressly or by implication, to take cognizance of partnership dealings and state an account between the surviving partner and the representatives of the deceased, or where a full and final settlement of the partnership affairs and the specific performance of agreements in relation to real estate are necessarily involved in carrying out the contract of a decedent.

2. The proper forum to enforce performance of such a contract is the Court of Common Pleas, whose equitable powers may be invoked in the settlement of the partnership affairs, and whose decree will vest a good and sufficient title in the real estate to be conveyed under the terms of the contract.

May 11th 1877.    Before Agnew, C. J., Sharswood, Mercur, Paxson, Woodward and Sterrett, JJ.    Gordon, J., absent.

Appeal from the Court of Common Pleas of *Lancaster county:* Of May Term 1877, No. 189.    In Equity.

This was a bill in equity filed by John B. Warfel and Edward Wiley, executors of William M. Wiley, deceased, against George Calder, Jr., Hannah J. Wiley and The Fidelity Insurance, Trust and Safe Deposit Co. of Philadelphia, guardian of the five minor children of said William M. Wiley, deceased, praying the court to decree specific performance of a contract set forth in said bill.

To this bill defendants demurred, on the ground that the exclusive jurisdiction for the enforcement of the performance of the contract was in the Orphans' Court for the city of Philadelphia, the forum having jurisdiction of the accounts of the executors.

The court, Patterson, A. J., sustained the demurrer on the ground of want of jurisdiction, and made a decree in favor of defendants, from which this appeal was taken.

The terms of the contract and the proceedings in the court below are sufficiently set forth in the opinion of this court.

*George W. Biddle* and *William Aug. Atlee,* for appellants.— The Act of February 24th 1834, Purd. Dig. 276, pl. 10, which

confers power upon the Orphans' Court to decree specific perform-
ance of a contract to sell and convey real estate, contemplated only
an ordinary bargain and sale, but no power is thereby given to said
court, either directly or by implication, to state an account between
partners, or take any cognizance of partnership matters.  The Or-
phans' Court never had jurisdiction of the subject-matter of this
controversy and a court of equity is the only forum in which the
questions involved can be adjudicated.

*A. Slaymaker*, for appellees.—As to those matters which are
subjects of its jurisdiction that of the Orphans' Court is exclusive:
Shollenberger's Appeal, 9 Harris 337 ; Dundas's Estate, 23 P. F.
Smith 474, 480.  By the Act of 1834 said court has power to
decree the specific performance of contracts for the sale and convey-
ance of real estate, &c.

Wherever a chancellor would direct a conveyance in discharge
of a decedent's undertaking this court is bound to interpose with
like effect: McFarson's Appeal, 1 Jones 503 ; Chess's Appeal, 4
Barr 52.

The remedy being provided by Act of Assembly it must be
strictly pursued, and the Orphans' Court is therefore the only forum
in which specific performance can be decreed: Porter *v.* Dougherty,
1 Casey 405 ; Ashford *v.* Ewing, 1 Id. 215 ; Cobb *v.* Burns, 11
P. F. Smith 278 ; Mussleman's Appeal, 15 Id. 485.

The jurisdiction of a court of equity is of the largest description
and capable of being invoked wherever the exercise of its peculiar
powers will ascertain and vindicate right; but the mere fact that
a transaction or series of transactions might, at one period, have
been cognisable in said court does not fix them there definitively
and after the occasion for the exercise of its powers has passed.
We submit, therefore, that an account of the affairs of this partner-
ship having been settled voluntarily and to the satisfaction of all
parties, there is nothing to warrant an appeal to a court of equity.

Mr. Justice STERRETT delivered the opinion of the court, June
26th 1877.

The only question raised by the demurrer in the court below as
well as here is one of jurisdiction.  The learned judge of the Com-
mon Pleas dismissed the plaintiff's bill on the ground that the facts
therein presented, brought the case within the provisions of the
Act of February 24th 1834, which gives to the Orphans' Court
jurisdiction to decree specific performance, " whenever any person
shall, by a bargain or contract in writing, bind himself to sell and
convey any real estate in this Commonwealth, and shall die seised
or possessed of such real estate without having made any sufficient
provision for the performance of such bargain or contract;" and,

consequently, that the proper Orphans' Court had exclusive jurisdiction.

The substance of the plaintiffs' bill is, that the testator, William M. Wiley and George Calder, Jr., one of the defendants below, associated themselves, as partners, in the business of manufacturing cotton goods, for the term of five years from the 1st of October 1870; and, in their articles of partnership, agreed that if either should die during the term the survivor should take the real estate, mill and machinery at a valuation of $60,000, and pay to the heirs or assigns of the deceased partner the amount of his interest therein, in five equal annual instalments, with interest, to be secured by bond and mortgage on the mill property; and take the personal property of the firm at a fair valuation. The real estate was conveyed to them as partners, to be held, as specified in the deed, " in such parts and proportions as that when the interest hereby conveyed is added to the share or interest already owned by said parties of the second part respectively, they shall be each seised and possessed of and in such parts and proportions of said premises and subject to such conditions, restrictions and limitations as are provided for in the articles of partnership;" and, by subsequent writing, it was declared that they held the same " as partners in equal interest, shares and parts." Upon the decease of Mr. Wiley, during the term, the surviving partner went into the sole possession of the real estate, under the articles of partnership, and has so continued ever since.

In pursuance of the authority contained in the will of the deceased partner, his executors united with Mrs. Wiley in executing and tendering a deed to the survivor for the "real estate, mill and machinery," and requested him to give a mortgage as provided in the articles of partnership; but, he declined to accept the deed or give the mortgage, and thereupon they filed their bill, praying specific performance of the contract of partnership, including the payment of all moneys due the estate, and the execution and delivery of the mortgage for the amount not then due by the terms of the articles.

Had the Orphans' Court exclusive jurisdiction of the subject? We think not. As was said in Brinker *v.* Brinker, 7 Barr 55, the draftsman of the Act of 1834 had in his eye the case of an ordinary bargain and sale of real estate; and whenever it appears that the parties entered into a written contract for the purpose of selling and conveying real estate, and either has died without having made provision for its performance, there can be no doubt as to the exclusive jurisdiction of the Orphans' Court; but it is limited to the class of cases specified in the act. It was never intended by the framers of the Act of 1834 to oust the jurisdiction of equity in the settlement of partnership transactions, in which questions of title and specific performance of agreements in relation to real estate are

very frequently involved. In such cases a court of equity is the proper forum.

The articles of partnership in this case cannot be regarded as a contract for the sale of land within the meaning of the Orphans' Court Act. The object of the parties was to provide an easy and convenient mode of settling the partnership business, in the event of the death of either partner during the term; and, in carrying the agreement into effect, it was essential that there should be a settlement of the partnership accounts and a valuation of the personal property. It was not contemplated that the survivor should purchase and pay for the real estate a specified sum without regard to the state of the partnership accounts. On the contrary, it was provided that he should at once succeed to the sole ownership of the real estate, mill and machinery, and, in settlement of the partnership, be charged with the same at the valuation agreed upon by themselves; and the net interest of the deceased partner therein should be secured by the mortgage. The amount of the mortgage could be determined only by a settlement of the partnership business, and accounts between the partners. The personal property, in like manner, was to be taken and paid for by him at a valuation to be fixed thereon. In short, a full and final settlement of the partnership affairs is necessarily involved in carrying out the agreement.

The decease of Mr. Wiley during the term determined absolutely that which before was uncertain and contingent; and in the absence of an amicable settlement, the intervention of a court of equity was required to state an account between the survivor and the personal representatives of the deceased partner, and decree that the surviving partner shall accept the real estate and give the mortgage for the amount due thereon according to the articles of partnership. The Orphans' Court has no power expressly or by implication to take cognizance of partnership dealings and state an account between the surviving partner and the personal representatives of the deceased. The fact that the executors and the surviving partner in this case were able to adjust and settle their accounts amicably, so far as to ascertain the interest of each partner, did not oust the jurisdiction of the proper court. It facilitated, to that extent, the settlement which was necessarily required; but owing to a difference of opinion as to the mode of conveying title, they failed to effect a full and final settlement, as contemplated by the articles of partnership; and hence it became necessary to invoke the equitable powers of the court.

We are of opinion that the Court of Common Pleas is the proper forum, and that its decree will invest the surviving partner with a good and sufficient title, such as was contemplated by the agreement.

3 Norris—18

Decree reversed and demurrer overruled, and it is ordered
that the defendants plead or answer within such time
as may be fixed by the court below, and the record is
remitted for further proceedings; the costs of this
appeal to be paid by the appellee, George Calder, Jr.