## Young *v.* Weed et al., Appellants.

[Marked to be reported.]

*Trust to carry on business—Confession of judgment—Conveyance after insolvency—Consideration—Notice—Waiver of statute of limitation.*

Testator gave all of his property to a trustee and directed that "he shall possess, hold and manage the same, and conduct and carry on business and trade, barter, buy and sell in and for all things that may pertain to said estate its business or its products, and make such investments of the property, real, personal and mixed as he may deem best for the interests of the trust hereby created, and if he shall at any time deem it advisable or for the benefit of the trust hereby created that the said property hereby devised should be sold or any part of it, then I do hereby authorize and empower him to sell the same and make a title to the purchaser in fee simple, and with the proceeds of such sale I do authorize and empower the said Mills Weed to make such other investments real and personal, or commence, conduct and carry on such other business for the benefit of the cestui que trusts, hereinafter mentioned, as he may deem most advantageous." The trustee assumed the trust and continued the business of testator, until both the trustee himself and the trust estate became insolvent. After the insolvency he confessed judgment as trustee, and conveyed certain real estate belonging to the trust estate to certain of the creditors whose lien on testator's real estate had expired without revival. These creditors had knowledge of the insolvency, and the deed to them recited the terms of the will. *Held:*

(1) That as the lien of the debts had been lost, there was no consideration to support the deed or the confession of judgment.

(2) That as the estate was insolvent and the rights of other creditors had intervened, the trustee had no right to waive the operation of the statute and thus restore the lien.

(3) That the trustee after the insolvency had no right to prefer one creditor of the trust estate before another.

(4) That the grantees in the deed from the trustee were not purchasers without notice, as they had been put upon inquiry by the very terms of the deed itself.

Argued March 15, 1893.   Appeal, No. 334, Jan. T., 1893, by defendant, Mills B. Weed et al., from decree of C. P. Lycoming Co., Sept. T., 1891, No. 1, in equity, in favor of plaintiff, Benjamin F. Young, dismissing exceptions to master's report. Before GREEN, WILLIAMS, MITCHELL, DEAN and THOMPSON, JJ.

Creditor's bill to strike off judgment and for reconveyance.

The bill averred that Mills B. Weed, as executor and trustee under the will of Frederick R. Weed, deceased, carried on the business of the testator, as authorized by the will, from 1882 until 1891 ; that in March, 1891, after both the trustee and the trust estate were insolvent, the trustee confessed judgment in favor of L. Truman & Bros., in the sum of $100,446.15 ; that the trustee also conveyed to the said Truman & Bros. real estate belonging to the trust estate. The bill further charged that there was no valid consideration for the confession of judgment or the conveyance of the real estate. The bill prayed : (1) That the court will declare the said deed to be void ; (2) that Frank Truman and George Truman be required by decree to reconvey to the legal representatives of the estate of F. R. Weed, deceased, all the property described in the deed of March 16, 1891 ; (3) that the judgment confessed by M. B. Weed, executor and trustee, to L. Truman & Bros. be stricken off ; (4) that Frank Truman and George Truman be enjoined from making any sale or conveyance of, or encumbering the property described ; and (5) that they may be required to account to the said legal representatives, for the proceeds of any sales of said property, and for the rents, issues and profits thereof.

The case was referred to T. M. B. Hicks, Esq., as master, from whose report appear the facts as stated in the opinion of the Supreme Court. The master recommended a decree in favor of plaintiff. Exceptions to the master's report were dismissed by the court, and a decree entered in accordance with the prayers of the bill, in an opinion by METZGER, P. J.

*Errors assigned* were in dismissing exceptions, and in entering a decree for plaintiff, quoting them.

*C. LaRue Munson* and *Rodney A. Mercur, W. D. Crocker* and *Addison Candor* with them, for appellants.—Benjamin F. Young is only a creditor of M. B. Weed, trustee, and is not his cestui que trust: Yorks's Ap., 110 Pa. 80 ; Stephenson v. Mathews, 9 Pa. 317.

Creditors of a trustee or an executor, carrying on business under a will, or trust deed, can hold the trustee or executor personally responsible. They may come in on the assets con-

fided to the trustee or executor for the purpose of carrying on the business, but only through the right the trustee or executor has to be reimbursed from the assets of the estate. But it is incumbent upon those creditors to show that the trustee, or executor, has a right to be thus reimbursed and, failing such proof, their claims must fall. But before the creditors can come upon the funds of the estate, they must exhaust their rights against the trustee or executor personally, or prove his insolvency. The debts of the testator are to be paid out of his assets, in preference to debts created by the trustee or executor in carrying on business under the will of the testator: Cleveland v. Harding, 67 Texas, 396 ; Hewitt v. Phelps, 105 U. S. 393 ; Gorton's Case, 40 L. R. Ch. Div. 536; Laible v. Ferry, 32 N. J. Eq. 791 ; Ferry v. Laible, 31 N. J. Eq. 566 ; Same v. Same, 27 N. J. Eq. 146.

The confession of judgment and conveyance of the land by the executor and trustee, holding the title, operated as a waiver of the limitation of the act of 1834 : Wallace's Ap., 5 Pa. 106.

The conveyance was a voluntary payment of his testator's debt ; such creditors have a superior right to all the world to receive the property of the decedent in payment of their claims : McNair's Ap., 4 Rawle, 157.

A voluntary payment made by an executor or administrator cannot be recovered back, even on deficiency of assets : Carson v. McFarland, 2 Rawle, 118 ; Miller v. Hulme, 126 Pa. 281. Obligations given by an executor or trustee, as such, even if for the debts of the testator, are only the personal obligations of the executor or trustee, and are not debts of the estate or payable therefrom : Geyer v. Smith, 1 Dallas, 347 ; Shields v. Owens, 1 Rawle, 72 ; Stewart's Ap., 3 W. & S. 476 ; Seip v. Drach, 14 Pa. 356 ; Grier v. Huston, 8 S. & R. 401.

*Henry C. McCormick, Seth T. McCormick* and *Henry W. Watson* with him, for appellee.—The assets of the trust estate created by the will of F. R. Weed, deceased, are bound in the hands of the trustee for the debts created by the trustee in carrying out the provisions of the will, and to that extent Mills B. Weed is a trustee for such creditors : Mathews v. Stephenson, 6 Pa. 496; Baskins' Ap., 34 Pa. 272; Garland's Case, 10 Vesey, Jr. 110.

The claim of L. Truman & Bros., against the estate of F. R. Weed, deceased, at the time of the conveyance complained of, was not a lien or charge of any kind upon the real estate sought to be conveyed to the Trumans by the deed in controversy, and not entitled to participation in any fund realized from its sale: Kerper v. Hoch, 1 Watts, 9; Hemphill v. Carpenter, 6 Watts, 22; Oliver's Ap., 101 Pa. 299; Penn v. Hamilton, 2 Watts, 58; Maus v. Hummel, 11 Pa. 228; Com. v. Pool, 6 Watts, 32; Benner v. Phillips, 9 W. & S. 13.

The conveyance made by Mills B. Weed, trustee, to L. R. Truman & Bros., and complained of in this case, was ultra vires, without consideration and fraudulent in law, and the decree of the court below requiring a reconveyance of same to the trustee was rightly entered: Garrard v. R. R., 29 Pa. 158; Ashton v. Atlantic Bank, 3 Allen, 223; 1 Perry on Trusts, 277; Cook v. Tullis, 18 Wallace, 332; Abbott v. Reeves, 49 Pa. 494; Harrisburg Bank v. Tyler, 3 W. & S. 373; Kirkpatrick v. McDonald, 11 Pa. 387; Hill on Trustees, 506–7.

OPINION BY MR. JUSTICE THOMPSON, April 17, 1893:

At the time of the death of F. R. Weed in 1882, he was conducting a general store at Trout Run, and a general lumber business and a banking business at Williamsport. By his will he created a trust to continue them. The trustee was Mills B. Weed, to whom for the purposes of the trust he devised all his estate, real and personal. The powers of the trustee over it are clearly set forth in the will creating the trust. The words are: " He shall possess, hold and manage the same, and conduct and carry on business and trade, barter, buy and sell in and for all things that may pertain to said estate, its business or its products, and make such investments of the property, real, personal and mixed, as he may deem best for the interests of the trust hereby created, and if he shall at any time deem it advisable or for the benefit of the trust hereby created that the said property hereby devised should be sold or any part of it, then I do hereby authorize and empower him to sell the same and make a title to the purchaser in fee simple, and with the proceeds of such sale I do authorize and empower the said Mills B. Weed to make such other investments, real and personal, or commence, conduct and carry on such other business for the benefit of the

cestui que trusts, hereinafter mentioned, as he may deem most advantageous." As an executor he had no power to sell the real property. As a trustee however he had the power and was authorized to do so, if he should deem it advisable or judicious for the purposes of the trust, but in the event of a sale he was required to invest the proceeds in other investments for the benefit of the trust estate. It is very clear that his power to sell was for a consideration, for the purpose of investment, and for the benefit of the trust. At the time of F. R. Weed's death, appellants, George and Frank Truman, held a note of which said F. R. Weed was the maker, dated April 1, 1878, for $50,000; also one dated May 28, 1878, for $25,000, upon which there was a credit of $19,828.24. They also held a note dated December 23, 1890, for $2,000, of which Mills B. Weed, trustee, was the maker. These appellants took no steps to enforce their lien against the real estate of decedent, but on March 3, 1891, Mills B. Weed, as executor and trustee by amicable action and confession of judgment, filed March 18, 1891, confessed a judgment against the estate of F. R. Weed, deceased, in favor of these appellants for the sum of $100,446.15, being the principal and interest of the indebtedness referred to. On March 16, 1891, Mills B. Weed as executor and trustee conveyed to these appellants twenty-five pieces of real estate, of which four had been acquired after the death of F. R. Weed. These conveyances covered almost the bulk of the trust estate. The consideration named in the deed was $95,000, but should have been stated to be $96,800. This amount was credited on the judgment confessed and was the only consideration for the deed. When it was executed the trust estate was insolvent, and the master finds as a fact that the trustee was also insolvent.

It is manifest that Mills B. Weed, as trustee, had no power to execute this deed. It was not for the benefit of the trust. It was not executed for the purpose of the trust, and there were no proceeds from it to reinvest. It was not given for a valuable consideration. By the act of February 24, 1834, section 24, Purdon, 525, P. L. 77, it is enacted, "No debts of a decedent except they be secured by mortgage or judgment shall remain a lien on the real estate of such decedent longer than five years after the decease of such debtor, unless an ac-

tion for the recovery thereof be commenced and duly prosecuted against his heirs, executors, or administrators within the period of five years after his decease; or a copy or particular written statement of any bond, covenant, debt or demand, when the same is not payable within the said period of five years, in the office of the prothonotary of the county where the real estate to be charged is situate." F. R. Weed died in 1882, and these appellants Truman & Brother commenced no action and filed no copy or statement. In 1887, five years having elapsed since the death of the decedent, the lien of their debt upon this real estate conveyed expired, and was discharged by operation of law: Kerper v. Hoch, 1 Watts, 9; Bindley's Appeal, 69 Pa. 295; Oliver's Appeal, 101 Pa. 299; Clauser's Estate, 1 Watts & Sergeant, 208. As the lien had expired there was therefore no consideration for the deed.

It is however contended that the confession of judgment and the conveyance in question operated as a waiver of the limitation of the act of 1834. Wallace's Appeal, 5 Pa. 106, is relied upon to sustain this position. In that case all the parties, heirs, widow and administrators, united in an agreement that the claim in question should not be affected by the operation of the statute. It was said in that case: "It is a principle of common application that one upon whom the law confers a benefit may relinquish it provided he in doing so inflicts no injury upon the rights of others." In the present case the lien upon the property in question had expired by operation of law, and Mills B. Weed as trustee held it free from it for the benefit of the trust estate. The estate being insolvent and the rights of creditors in consequence of it having intervened, he had no right as a trustee to waive the operation of the statute and thus restore the lien. As the title to this property had vested in the *trustee* free from the lien of this debt, as the rights of creditors to it as part of the trust estate had intervened, a confession of judgment by him as *executor* could not re-establish this lien that had ceased to exist against it.

It has been ably argued that Mills B. Weed was not a trustee for creditors, and the appellee having acquired no lien against the real estate at the time of the conveyance is not in a position to question it. The master finds as facts that the estate at that time was insolvent and also the trustee was insolvent.

In this finding, approved by the court below, there is no such flagrant error as to warrant its reversal. The appellee has filed this bill for himself and on behalf of others in interest, and in regard to his claim the master finds : " The nature of the indebtedness of the trust estate to Benjamin F. Young, the plaintiff, is in opinion of the master sufficiently shown for the purposes of this cause. Ten thousand nine hundred dollars of it was originally a debt of F. R. Weed, which, a short time after the testator's death, while it was a subsisting lien and valid claim upon all the property of the testator, and consequently upon all of the property of the trust estate, was paid with obligations of the trust estate. It would be hard to conceive of a transaction which more than this should be binding upon the trust estate." The appellee therefore is a creditor of the trust estate and as such entitled to relief. As to the relation which the creditors have to the trust estate, the subject has been fully considered in Woddrop et al. v. Weed [the preceding case] and it is unnecessary to repeat the same. It is sufficient to say that the trust estate being liable and insolvent, as well as the trustee, the creditors as to him occupy the position of cestui que trusts, and as such are entitled to equitable relief to prevent him from making an illegal and unwarranted transfer of the trust estate to the injury of such creditors : In re Garland, 10 Vesey, Jr., 110 ; Mathews v. Stephenson, 6 Pa. 498 ; Baskins's Appeal, 34 Pa. 272 ; Stephenson v. Mathews, 9 Pa. 316.

The deed to appellants refers to the will of F. R. Weed, deceased, and recites fully the trust therein created. The appellants therefore are not purchasers without notice, were put upon inquiry and had full notice. It is said in Garrard v. R. R., 29 Pa. 158 : " Where a purchaser cannot make out a title but by a deed which leads him to another fact, he shall be presumed to have knowledge of that fact. So he is supposed to have knowledge of the instrument under which the party with whom he contracts as executor or trustee or appointee derives his power." As the appellants are not purchasers for a valuable consideration and took the property with full notice, equity will follow it in their hands : Petrie v. Clark, 11 S. & R. 377. Such being the case, the decree is affirmed, and the appeals are dismissed at cost of appellants.

Mr Justice Mitchell dissents.