# ESTATE OF CHARLES B. MILLER, DECEASED.

APPEAL BY W. W. WEIGLEY, EXR., FROM THE ORPHANS' COURT
OF PHILADELPHIA COUNTY.

Argued March 28, 1890—Decided October 6, 1890.
[To be reported.]

1. A judgment at law must sustain itself as a whole, and the reasons stated
   in the opinion of the judge are technically no part of the case; but in
   equity, especially when a claim has been dismissed without prejudice,
   the opinion of the chancellor is an integral part of the proceedings, and
   must be looked at to gather the exact tenor and extent of the decision.
2. The Orphans' Court has no jurisdiction to determine the existence of a
   partnership between a decedent and another, to take cognizance of part-
   nership transactions, and to state an account between the surviving part-
   ner and the personal representatives of the deceased: Wiley's App., 84
   Pa. 270; Ainey's App., 11 W. N. 568 (2 Penny. 192), followed; Brown's
   App., 89 Pa. 139, distinguished.

Before PAXSON, C. J., GREEN, CLARK, McCOLLUM and
MITCHELL, JJ.

No. 112 January Term 1890, Sup. Ct.; court below, No. 518
October Term 1885, O. C.

On January 11, 1886, the account of Grace M. Coffman, sur-
viving executrix of the will of Charles B. Miller, deceased, was
called for audit when George A. Miller presented a claim for
$16,000.61, alleged to be due to the claimant as the surviving
partner of the decedent, on a statement of partnership accounts
between them.   Because of the pendency of a bill in equity re-
lating to the alleged partnership,* the auditing judge postponed

---

* It appeared in the "History of the Case" that to March Term 1885,
George A. Miller had filed a bill in equity against Grace M. Coffman, ex-
ecutrix of the will of Charles B. Miller, deceased, for a settlement of a
partnership business with the decedent; that this bill was dismissed on
demurrer as fatally defective: Miller v. Coffman, 16 W. N. 423; that the
account of the executrix was filed with the Orphans' Court on December
28, 1885, and on January 8, 1886, George A. Miller filed a second bill in
equity against the executrix, in the Common Pleas; that on June 19, 1886,
on demurrer to this bill for want of jurisdiction, the demurrer was sustained

further hearings until May 12, 1887. On that day, and other days afterward, hearings were had at which the claimant presented a partnership account, stated by himself, and showing a balance in his favor of the amount claimed by him, and adduced a large amount of testimony for the purpose of establishing the existence of the partnership and the correctness of his account. The testatrix presented evidence to rebut the testimony of the claimant.

On November 18, 1887, the auditing judge, ASHMAN, J., filed an adjudication dismissing the claim and finding in substance, as follows : (*a*) That the claimant asserted that more than half of the assets with which the accountant had charged herself belonged to him and not to the decedent, and so placed himself within the ruling in McBride's App., 72 Pa. 480 ; (*b*) that, assuming the claim to be made in the capacity of a creditor, the claimant would be such by force of his alleged status as a surviving partner; and, except in the single instance in which the executor or administrator occupies that place, the Orphans' Court cannot enter upon an examination of partnership accounts, being incapable, in other cases, of enforcing payment if the balance should be found against the surviving partner : citing Brown's App., 89 Pa. 139; Bentley's Est., 16 Phila. 263; Ainey's App., 2 Penny. 192; (*c*) that neither the existence of the partnership nor the alleged partnership accounts were sufficiently proved.

Exceptions to the dismissal of his claim, and to various findings contained in the adjudication, were filed by the claimant. While these exceptions were pending before the court, the claimant died, and William W. Weigley, his executor, was substituted upon the record.

On April 28, 1888, the court dismissed the exceptions of the claimant in an opinion of PENROSE, J., in part as follows :

The authority of the Orphans' Court does not extend to the enforcement of payment of debts due by a living debtor to the

---

by the Court of Common Pleas No. 1 ; and that on November 3, 1888, the plaintiff in the bill having died and his executor being substituted, a rule taken to amend the order of June 19, 1886, dismissing the bill by adding the words, " without prejudice," was discharged : Weigley v. Coffman, 23 W. N. 27.

estate of a decedent; and hence, if for no other reason, it is clear that it can have no jurisdiction where a claim by a surviving partner involves the settlement of a partnership account. In a proceeding for this purpose, all parties are actors; and, though the bill may aver and the account as exhibited by the plaintiff show that the defendant is debtor, the decree enforceable by execution may be against the plaintiff for a balance in favor of the defendant. The decisions upon this point, many of which are cited by the auditing judge, are uniform: Wiley's App., 84 Pa. 270; Ainey's App., 11 W. N. 568; Bentley's Est., 16 Phila. 263; Hulse's Est., 12 Phila. 130.

Of course, where a surviving partner becomes himself the executor or administrator of the dead one, as in Brown's App., 89 Pa. 139, the settlement of his account in that capacity may involve an inquiry into the accounts of the firm; but this grows out of his office as executor or administrator, and results as an incident of the power of the court to make distribution, and the consequent right to consider all questions which may arise in ascertaining the balance for that purpose.

[It would, therefore, be time spent to no purpose, if we should consider the exceptions to the finding of the auditing judge against the claim of the alleged surviving partner, since even if we should be convinced, which we are not by any means to be understood as asserting, that a partnership existed, we should be unable to go a single step further, and our action would not avail elsewhere.] [2]  [We dismiss, therefore, the exceptions on this subject simply for want of jurisdiction, and, necessarily, without prejudice to the right of the exceptant in the common law courts.] [3] . . . . .

——The decree entered on the record was, so far as it concerned the claimant: "Exceptions of Geo. A. Miller dismissed without prejudice, per opinion by PENROSE, J." . Thereupon William W. Weigley, executor, took this appeal, specifying that the court erred:

2, 3. In deciding that it had no jurisdiction as set forth in the parts of the opinion embraced in [ ] [2] [3]

Various other assignments of error, relative to the dismissal of exceptions to the auditing judge's findings upon the merits of the claim, were filed.

Opinion of the Court.

*Mr. John H. Colton* and *Mr. Samuel C. Perkins* for the appellant:

The balance due from one partner to another upon final settlement, is not a partnership, but a separate debt: Hulse's Est., 12 Phila. 130; Portsmouth v. Donaldson, 32 Pa. 202; Whelen v. Watmough, 15 S. & R. 153; Lindley on Partnership, 740. The surviving partner, in a partnership composed of two persons, is the proper person to settle the business and state a final account. If this results in a balance against the deceased partner, the only way in which it can be recovered is by action at law, or by presentation to the Orphans' Court. The fact that the correctness of the claim may be disputed, either as to character or amount, does not oust the jurisdiction of the Orphans' Court: Brown's App., 89 Pa. 139; Price's Est., 81 Pa. 263; Miller v. Coffman, 16 W. N. 423.

*Mr. Amos Briggs* (with him *Mr. Abraham M. Beitler*), for the appellee.

OPINION, MR. JUSTICE MITCHELL:

Notwithstanding the complicated history of the case, and the varied phases of the litigation by the appellant in pursuit of a remedy, this record presents but a single question, and that is one of jurisdiction. The auditing judge, though apparently against his own opinion on the law, reviewed the evidence, and held that there was no partnership · established. But the court in banc refused to consider the merits at all, and decided the case solely on the question of jurisdiction. It is the decree of the court only that we have before us, and we must look at it, and at the opinion of the judge, if necessary, to ascertain just what the court considered and determined. At law, the judgment must sustain itself as a whole, and the reasons adduced in the opinion of the judge are technically no part of the case. But in equity, especially where a claim is dismissed " without prejudice," the opinion of the chancellor is an integral part of the proceedings, which must be looked at to gather the exact tenor and extent of the decision. The decree here is that appellant's exceptions " are dismissed without prejudice, per opinion by PENROSE, J.," and, turning to that opinion, we find it expressed in the clearest possible terms that

Opinion of the Court.

the exceptions of appellant to the findings on the facts by the auditing judge are dismissed "simply for want of jurisdiction." The elaborate arguments of both parties in this court, on the evidence taken before the auditing judge, are therefore irrelevant, and must be disregarded.

The executrix of Charles B. Miller having filed her account, the appellant came into the court below claiming a balance due him as surviving partner of the decedent. The fact of partnership was denied. It was the basis of the appellant's claim, and, until it was established, no step could be taken towards an accounting. But, even assuming it to be established, the accounting must be mutual, and the balance might be against the claimant. Has the Orphans' Court jurisdiction of such an issue? To state the question, thus cleared of irrelevant matters, seems to answer it in the negative. It is not claimed that an account was stated by the assumed partners, in the lifetime of both, and a balance found due to appellant upon which he would have a standing as a creditor, to maintain assumpsit, or to come in as a ·claimant upon the fund. His standing as a creditor at all, in which character alone can he make his claim, depends on the establishment of the disputed facts of the existence of a partnership, and a balance due him as a creditor partner upon the accounting. These facts the Orphans' Court has no jurisdiction to determine, nor would it have any means of enforcing payment by appellant should the account, when stated, show a balance against him. Such issues belong to the Common Pleas, either in an action of account, or in the more convenient form of a bill in equity, where the chancellor has control over both parties to enforce performance whichever way the final result may turn out. Even in a case where the settlement of partnership accounts seemed to be involved in the specific execution of the contract of a decedent to convey land, it was said by our Brother STERRETT, that "it was never intended by the framers of the act of 1834 to oust the jurisdiction of equity in the settlement of partnership transactions, in which questions of title and specific performance of agreements in relation to real estate are very frequently involved. In such cases the court of equity is the proper forum. . . . . The Orphans' Court has no power, expressly or by implication, to take cognizance of partnership

dealings, and state an account between the surviving partner and the personal representatives of the deceased:" Wiley's App., 84 Pa. 270, 272, 273. This case, and Ainey's App., 11 W. N. 568, really decide the present question. There is nothing in Brown's App., 89 Pa. 139, that qualifies in any way the authority of these decisions upon this point.

The appellant is of course entitled to a hearing on the merits of his case, but his forum is the Common Pleas. If his previous efforts there have, as seems from the history of the case, been defeated solely upon the question of jurisdiction, they will not stand in his way now to a hearing upon a proper bill.

Decree affirmed.