W. W. WEIGLEY, EXR., v. GRACE M. COFFMAN, EXR.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS
NO. 3 OF PHILADELPHIA COUNTY.

Argued April 8, 1891—Decided October 26, 1891.
[To be reported.]

1. The final decree of a court of equity, dismissing a bill upon its merits, without a stipulation against prejudice, is a bar to another bill between the same parties for the same matter; but an order of dismissal will have this effect only when the court has determined that the plaintiff has no title to the relief sought by his bill.
2. When a bill has been dismissed upon the ground that the court had no jurisdiction, showing that the merits were not heard, the dismissal is

Statement of Facts.

not a bar to a second bill. That such decision may have been errone-
ous and the court in fact had jurisdiction, is a matter of no consequence,
as the determination of the preliminary question of jurisdiction does not
touch the merits.

3. A bill in equity, demurred to for want of jurisdiction, was erroneously
dismissed on that ground. To a second bill filed in a court of co-
ordinate jurisdiction, the defendant pleaded res judicata, and the plaint-
iff replied that the former bill was dismissed solely upon the ground
aforesaid: it was error to dismiss the second bill, upon a hearing on
bill, plea and replication.

4. Where one claims that a partnership existed between himself and a de-
cedent, and that on a settlement of partnership accounts the decedent's
estate will be found indebted to him, the jurisdiction to determine the
fact of partnership and state an account, is not in the Orphans' Court but
in the Court of Common Pleas, and a bill in equity will lie for that pur-
pose: Miller's Est., 136 Pa. 349.

Before PAXSON, C. J., GREEN, CLARK, McCOLLUM and
MITCHELL, JJ.

No. 236 January Term 1891, Sup. Ct.; court below, No. 862
March Term 1888, C. P. in Equity.

On May 25, 1888, William W. Weigley, executor of the will
of George A. Miller, deceased, filed a bill in equity against
Grace M. Coffman, surviving executrix of the will of Charles
B. Miller, deceased, averring in substance that said George A.
Miller and said Charles B. Miller were partners in the business
of buying and butchering cattle and selling the meat thereof,
under the firm name of C. B. & G. A. Miller; that no settle-
ment of the accounts of said partnership was ever had in the
lifetime of Charles B. Miller, but after his death George A.
Miller proceeded to settle up the partnership business, and pre-
pared a balance sheet, showing a balance due to himself from
the estate of Charles B. Miller, of $16,000.61, which the de-
fendant refused to pay; praying for an account of the partner-
ship transactions, and for general relief.

The defendant filed a plea averring that the cause of relief
set out in the bill was res judicata, having been presented to
the Court of Common Pleas No. 1 of Philadelphia county, by a
bill filed to No. 692 December Term 1885, which bill, on June 19,
1886, was dismissed by said court. * The plaintiff thereupon

* Prior to the filing of the bill mentioned in the plea and replication, the
Court of Common Pleas No. 3 had dismissed, as fatally defective, a part-

filed a replication averring that the bill in the Court of Common
Pleas No. 1, mentioned in defendant's plea, was dismissed, not
upon the merits of the case, but upon the ground that the ju-
risdiction was in the Orphans' Court and not in the Court of
Common Pleas. After hearing on bill, plea and replication the
court, on March 11, 1889, entered a decree dismissing the bill.[1]

On October 15, 1890, the plaintiff moved the court to vacate
the decree of March 11, 1889, filing with his motion a certified
copy of the opinion of the Supreme Court in Miller's Est., 136
Pa. 349; whereupon the court granted a rule to show cause
why said decree should not be vacated. This rule was made
absolute on October 25, 1890, but on December 13, 1890, after
re-argument, the court entered a decree ordering that the entry
of "rule absolute" be vacated, and that the rule be discharged,
so that the decree of March 11, 1889, dismissing the bill, be
and remain as the final decree in the premises.[2]

Thereupon the plaintiff took this appeal, assigning for error:

1. The decree dismissing the bill.[1]

2. The decree of December 13, 1890.[2]

*Mr. John H. Colton* and *Mr. Samuel C. Perkins*, for the ap-
pellant.

1. An order dismissing a bill in equity is a bar only when
the court has determined that the plaintiff had no title to the
relief sought. It is not a bar to a second bill, when the dis-
missal was upon the ground that the court had no jurisdiction,
which shows that the merits were not heard: Story Eq. Pl.,
§ 793; Walden v. Bodley, 14 Pet. 156; Marsteller v. Marsteller,

---

nership bill filed by George A. Miller: Miller v. Coffman, 16 W. N. 423.
The proceedings on the bill filed in the Court of Common Pleas No. 1 are
reported in 23 W. N. 27. After the dismissal of the bill in the latter case,
George A. Miller went into the Orphans' Court of Philadelphia, and pre-
sented his claim upon the audit of the account of C. B. Miller's executrix,
but that court, on April 28, 1888, dismissed the claim, upon the ground
that it had no jurisdiction of a claim by a surviving partner involving the
settlement of a partnership account, the jurisdiction in such a case being
exclusively in the Court of Common Pleas. On appeal to the Supreme
Court, that decision was affirmed on October 6, 1890: Miller's Est., 136
Pa. 349. The present bill was filed pending the appeal in Miller's Estate,
and was disposed of by the court below before the decision of the Supreme
Court in that case was made.

132 Pa. 517; Black on Judgments, § 713 : Freeman on Judgments, §§ 119, 120, 260; Wells on Res Judicata, §§ 422, 455; 1 Chitty on Pl., 198; Passmore Williamson's Case, 26 Pa. 9 ; Haws v. Tiernan, 53 Pa. 192 ; Bank of U. S. v. Moss, 6 How. 31; Vattel's Law of Nations, 166; Story, Confl. of Laws, § 588; Wheaton's Intern. Law, 148 a; Hughes v. United States, 4 Wall. 232; Rose v. Himely, 4 Cranch 241 ; Homer v. Brown, 16 How. 355; Smith v. McNeal, 109 U. S. 426; 1 Greenl. Ev., § 529. It may be admitted that where facts are recited or stated in the record which show want of jurisdiction, the record is conclusive of those facts, whether jurisdiction is assumed or declined by the court : Black on Judgments, § 277; Messinger v. Kintner, 4 Binn. 97; Outram v. Morewood, 3 East 346. The cases cited by the appellee are not applicable to the dismissal of a bill for want of jurisdiction.

2. The expiration of the term in which it was rendered was not an obstacle to an order vacating the decree dismissing the bill, because the dismissal was solely for want of jurisdiction, which is simply a refusal to hear and decide the cause. So far is such a dismissal from preventing the court from resuming jurisdiction, when its right to do so has been determined, that the order cannot even be pleaded in bar of a new bill for the same cause : Walden v. Bodley, 14 Pet. 156; Story's Eq. Pl., § 793. The application to vacate the order was analogous to a motion to strike off a judgment for error apparent on the record, where lapse of time is unimportant : Mitchell on Motions and Rules, 77. The English doctrine as to alterations in judgments after the end of the term, has been adopted in Pennsylvania only to a limited extent, and is confined here to judgments obtained adversely after a hearing or trial : Stephens v. Cowan, 6 W. 513 ; Mathers v. Patterson, 33 Pa. 485; Catlin v. Robinson, 2 W. 373; Wood v. Anderson, 25 Pa. 407; Beale v. Commonwealth, 25 Pa. 11 ; Commonwealth v. Mayloy, 57 Pa. 291; King v. Brooks, 72 Pa. 363; Breden v. Gilliland, 67 Pa. 34. The statute 11 Hen. IV., c. 3, cited in 3 Bl. Com., 407, is not in force in this state : Report of Judges, 3 Binn. 599.

3. The power of a court over its judgments and decrees predicated of the question of jurisdiction, is independent of the doctrines of res judicata and of the limitation of time by the term rule, which are applicable to adjudications upon the merits

of a cause: Black on Judgments, § 307. The dismissal of a bill for want of jurisdiction is not to be regarded as a decree in the cause: Black on Judgments, § 1; 2 Daniell's Ch. Pr., 986; Freeman on Judgments, § 110; Cawley v. Leonard, 28 N. J. Eq. 467; Smith v. Alton, 7 C. E. Greene 572. Even where a demurrer or answer sets up various matters in defence, some going to the merits of the case and others not, and there is a general decree of dismissal, such decree will not bar another action for the same demand, because of the uncertainty whether it was rendered on the merits: Bigelow on Estoppel, 58; Russell v. Place, 94 U. S. 606; Mobile Co. v. Kimball, 102 U. S. 691; Burlen v. Shannon, 99 Mass. 200; Foster v. Busteed, 100 Mass. 409. The doctrine of res judicata is applicable only to a final determination between the parties, by a competent tribunal, and upon the merits: Foster v. Busteed, supra.

*Mr. Amos Briggs* (with him *Mr. A. M. Beitler*), for the appellee:

1. The effect of the judgment in the Court of Common Pleas No. 1 is not simply that that court had no jurisdiction, but that no court of Common Pleas had, and that the jurisdiction was in the Orphans' Court. That judgment either was or was not a true exposition of the law. If the latter, it could have been corrected by an appeal, but the Court of Common Pleas No. 3 had no power to treat it otherwise than as binding until reversed by this court. The authorities sustaining this view are uniform and quite numerous: Marsteller v. Marsteller, 132 Pa. 523; Passmore Williamson's Case, 26 Pa. 9; Doyle v. Commonwealth, 107 Pa. 25; Commonwealth v. Lecky, 1 W. 67; Hoffman v. Coster, 2 Wh. 472; Helfenstein's Est., 135 Pa. 293; Taylor v. Cornelius, 60 Pa. 199; Kase v. Best, 15 Pa. 102; Silver v. Schuylkill Co., 32 Pa. 357; Freeman on Judgments, §§ 118, 267; Bank of U. S. v. Moss, 6 How. 31.

2. The appellant cites Walden v. Bodley, 14 Pet. 156. That case was a part of a protracted litigation which began in 1783 and did not terminate until 1840, different stages of it being reported in 5 Cranch 191, 9 Wheat. 576, 14 Pet. 147, and 14 Pet. 156. Viewed in its true light, it is not even an exception to the cases we have cited. The ground upon which the first bill was dismissed for want of jurisdiction in that case, is not

Opinion of the Court.

stated in the report, but the transcript of the record shows that neither the bill nor the injunction had been served on Walden, and it is therefore apparent that the dismissal was for this reason, the proceedings thus being a nullity. But when, as in our case, the parties are in court and join issue on a plea to the jurisdiction, there is an issue which the court must hear and determine, and its determination thereof cannot be treated as a nullity by a co-ordinate court: Barker v. Stead, 3 C. B. 946.

3. In any event, the Court of Common Pleas No. 3, after it had finally discharged the defendant without day, could not, eighteen months later, when the term at which the decree was made had ended, call her back again into court without a new bill: Catlin v. Robinson, 2 W. 379; Stephens v. Cowan, 6 W. 513; Wood v. Anderson, 25 Pa. 408; Mathers v. Patterson, 33 Pa. 487; Commonwealth v. Mayloy, 57 Pa. 297; King v. Brooks, 72 Pa. 364; Bank of U. S. v. Moss, 6 How. 31. It seems to us that whether we view the case as coram judice only in the Court of Common Pleas No. 1, or consider that the term had ended in the Court of Common Pleas No. 3, when the motion was made to vacate the decree of the latter court, either alternative is fatal to the appellant.

OPINION, MR. JUSTICE CLARK:

This bill is for an account of the firm of C. B. & G. A. Miller. The partnership was formed in November, 1878, and continued until the decease of Charles B. Miller, who died November 13, 1884. Grace M. Coffman is the surviving executrix of his last will and testament. G. A. Miller, the surviving partner, died January 12, 1888, and letters testamentary on his will were issued to W. W. Weigley.

No settlement of the partnership affairs was had in the lifetime of Charles B. Miller. After his death, however, George A. Miller, the surviving partner, filed his bill for an account in the Court of Common Pleas No. 3 of Philadelphia, setting forth that at the death of said Charles B. Miller the clear profits amounted to a sum not less than $35,000, which should be equally divided, and that the said Charles B. Miller at his decease had in his hands the sum of $16,000.61 which was due and owing to him; that no settlement had yet been made;

and therefore praying for an account. To this bill the defend-
ant demurred, filing inter alia the following grounds of
demurrer: (1) The defendant is but a trustee, and has no
interest in the corpus of the estate; (3) as surviving partner
of the alleged copartnership of C. B. & G. A. Miller, it is the
plaintiff's duty to convert the copartnership assets into money,
to pay all the debts of the copartnership, to account to the
representatives of the estate of the deceased partner, and to
show that he is a creditor partner of said firm, before any pro-
cedure calling on the testator's estate to make answer to his
alleged claim; (4) the said bill does not allege or show that
the assets of said copartnership will not pay the debts thereof,
and also what may be due, if anything, to the plaintiff. At
the hearing, the president judge, LUDLOW, said: "The bill
does not show that an account of the partnership business has
been stated by the plaintiff. It is his duty, as surviving part-
ner, to settle the business and to account to the estate of his
deceased partner. If it is found that there is a balance due to
himself, the Orphans' Court has jurisdiction to allow his claim
out of the estate of the decedent." The court was of opinion
that the bill was fatally defective, and the demurrer was sus-
tained, and the bill dismissed, without prejudice.

The surviving partner, as he alleges, thereupon settled up
the outstanding accounts, and prepared a statement of the
affairs of the firm, which exhibited an indebtedness to him of
$16,000.61 by the estate of Charles B. Miller, deceased. This
claim he presented to the executrix of the estate of Charles
B. Miller, deceased, who refused to pay the same. He then,
on the eighth of January, 1886, filed in the Common Pleas
No. 1 of Philadelphia a second bill for an account, to which
the defendant again demurred, and as cause for demurrer as-
signed the want of jurisdiction in the Common Pleas to give
the relief prayed for. On the 19th of June, 1886, the court,
being of opinion that the jurisdiction was exclusively in the
Orphans' Court, sustained the demurrer and dismissed the bill,
with costs.

The executrix of Charles B. Miller, deceased, having filed
her account on the twenty-eighth of December, 1885, George
A. Miller accordingly went into the Orphans' Court, when it
was called for audit, and presented his claim for $16,000.61, al-

leged to be due him as surviving partner, on his own statement of the partnership accounts. The Orphans' Court in like manner declined jurisdiction, for the reason that the claim involved the settlement of a partnership account, and that ordinarily the authority of the Orphans' Court did not extend to the settlement of accounts between partners. Pending the proceedings in the Orphans' Court, George A. Miller died. The decree of the Orphans' Court, having been brought into this court upon an appeal, was affirmed: Miller's Est., 136 Pa. 349. Our Brother MITCHELL, delivering the opinion of the court, said: " Has the Orphans' Court jurisdiction of such an issue? To state the question, thus clear of irrelevant matters, seems to answer it in the negative. It is not claimed that an account was stated by the assumed partners in the lifetime of both, and a balance found due to the appellant, upon which he would have standing as a creditor to maintain assumpsit, or to come in as a claimant upon the fund. His standing as a creditor at all, in which character alone can he make his claim, depends on the establishment of the disputed facts of the existence of a partnership, and the balance due him as a creditor partner upon the account. These facts the Orphans' Court has no jurisdiction to determine, nor would it have any means of enforcing payment by appellant, should the account when stated show a balance against him. Such issues belong to the Common Pleas, either in an action of account, or in the more convenient form of a bill in equity, where the chancellor has control over both parties, to enforce performance whichever way the result may turn out." Wiley's App., 84 Pa. 270, and Ainey's App., 11 W. N. 568 (2 Penny. 192), were cited in support of this doctrine.

Pending an appeal from the Orphans' Court, the appellant in this case filed the bill now under consideration, to which the appellee pleaded res judicata, setting up the dismissal of the bill in the Common Pleas No. 1 as a bar to the present bill. To this the appellant replied that the bill filed in Common Pleas No. 1 was dismissed solely for want of jurisdiction in the said court, and not upon the merits. As the cause is here for argument upon the bill, answer, and replication, the facts set forth in the replication must be assumed; and that the fact thus assumed is true, appears from the action of the court upon the motion to amend: Weigley v. Coffman, 23 W. N. 27.

Opinion of the Court.

The final decree of a court of chancery, dismissing a bill upon its merits without a stipulation against prejudice, is of course, conclusive between the same parties, upon the same matter coming in question in another court: Kelsey v. Murphy, 26 Pa. 78; Westcott v. Edmunds, 68 Pa. 34; Daniell's Ch. Pr. 659, 994, note, and cases cited. Every court has the power, in the first instance, to determine its own jurisdiction ; the first point decided by a court in any case, although it may not be in terms, is that of jurisdiction; and it has that power, although its decision and the law may be that it really has no such jurisdiction: King v. Poole, 36 Barb. 242; 12 Am. & Eng. Enc. Law, 307, and cases cited.

Judgment upon a point, not touching the merits of the principal matter in dispute, will, in respect of that point, ordinarily raise an estoppel. " The parties and their privies will be precluded from asserting the contrary of the fact found in such judgment. Thus, dismissal of a suit for want of jurisdiction will estop the plaintiff from alleging, after the expiration of the statute of limitations, that he had begun suit (no other one having been undertaken) within the proper time ; and, indeed, it appears to be true, as a general proposition, that where a party succeeded in defeating an action by his pleading, by motion, or the like, he cannot defeat a second action, by taking a position inconsistent with that taken in the first: " Bigelow on Estop., 53. At the hearing of the bill in Common Pleas No. 1, the appellee demurred, assigning want of jurisdiction in the court. She now contends, and seeks to dismiss the plaintiff's bill, upon the plea of res judicata, upon the alleged ground that the court had jurisdiction. This is an inconsistency which cannot be allowed. It is a matter of no consequence in this case that the Court of Common Pleas No. 1 in fact had jurisdiction; that court decided otherwise, and refused to exercise its jurisdiction. It is true that an appeal might have been taken, but none was taken, and the decision against the jurisdiction in consequence became the law in that particular case ; but, as the decision was not upon the merits, and did not determine the plaintiff's title to relief under the bill, it was not, according to all the cases, a bar in another suit.

The determination of the question of jurisdiction is but preliminary to the consideration of the case on its merits. A

decree, to be conclusive in other cases between the same parties, must have been on the merits of the case : Freeman on Judgm., 3d ed., §§ 260–266.    The judgment must be upon the merits ; if the real merits of the action are not decided in the prior judgment, it is no bar : Herman on Estop., 278, and cases there cited.    " It is only where the point in issue has been determined that a judgment is a bar.    If the suit is discontinued, or the plaintiff becomes nonsuit, or for any other cause there has been no judgment of the court upon the matter in issue, the proceedings are not conclusive.    So, also, in order to constitute the former judgment a complete bar, it must appear to have been a decision upon the merits, and this will be sufficient though the declaration were essentially defective, so that it would have been adjudged bad on demurrer.    But, if the trial went off on a technical defect, or because the debt was not yet due, or because the court had not jurisdiction, or because of temporary disability of the plaintiff to sue, or the like, the judgment will be no bar to future action: " Greenl. Ev., §§ 529, 530.    " If the decision was rendered upon a mere motion or a summary application, or if the cause was dismissed upon some preliminary ground, as upon a plea in abatement, e. g., because the wrong forum or mode of suit had been resorted to, for want of jurisdiction, defect in the pleadings, misjoinder, non-joinder, non-appearance of the plaintiff, or the like, the parties are at liberty to raise the main issue again in any other form they choose: " Bigelow on Estop., 52.    An order of dismissal is a bar only when the court has determined that the plaintiff has no title to the relief sought by his bill: Story's Eq. Pl., § 793.    " The doctrine of res judicata," said Mr. Justice Foster, in Foster v. Busteed, 100 Mass. 409, " is plain and intelligible, and amounts simply to this : That a cause of action once finally determined without appeal between the parties, on the merits, by any competent tribunal, cannot afterwards be litigated by new proceedings, either before the same or any other tribunal.    But no such effect is attributable to a decree dismissing a bill for want of jurisdiction, failure of prosecution, want of parties, or any other cause not involving the essential merits of the controversy ; and where in the answer various matters of defence are set forth, some of which only relate to the maintenance of the suit and others to the merits, and there

Syllabus.

is a general decree of bill dismissed, from which it does not appear what was the prevailing ground of defence, it is impossible to hold that the decree operates to preclude future proceedings." In Walden v. Bodley, 14 Pet. 156, it was held that a decree dismissing a bill in chancery generally, may be set up in bar of a second bill; but where the bill has been dismissed on the ground that the court had no jurisdiction, which shows that the merits were not heard, the dismissal is not a bar to a second bill. To the same effect, also, is Hughes v. United States, 4 Wall. 232. From the authorities cited and the reasons assigned therein, it is plain that, when a bill is dismissed upon the ground of want of jurisdiction, the dismissal cannot be said to be upon the merits; for, whether the action of the court be right or wrong, the complainant's title to the relief sought is not thereby determined.

The decree of the Common Pleas is reversed, at the costs of the appellees, and the record is remitted for further proceedings.