MOORE v. FIDELITY TRUST CO. et al. (Circuit Court of Appeals, Third Circuit. June 1, 1905.) Dissenting opinion. For majority opinion, see 138 Fed. 1.

ACHESON, Circuit Judge. I dissent from the affirming decree in this case. The complainant is beneficially interested in the estate of Andrew M. Moore, deceased, as legatee and distributee under the will of said decedent. The primary purpose of the bill is to compel an accounting between the defendants the Fidelity Trust Company and Walton Pennewill, as executors and testamentary trustees of the estate of said decedent, and the defendant Joseph F. Sinnott, as surviving partner of the deceased in the firm of Moore & Sinnott, of and concerning the partnership affairs. As incidental to such accounting, the bill seeks to have determined what assets and property belonging to the partnership—including the firm name, good will, and trademarks—are undisposed of and still in the hands of Sinnott, and to have the proceeds from the sale thereof or the value thereof brought into the accounting "for application and distribution according to the respective interests of said estate and the said Sinnott therein." The bill charges, in substance, that Sinnott has wholly failed to account as surviving partner, and that the other defendants have neglected to compel him to account, and that such failure and neglect inure to the detriment and injury of the complainant as a beneficiary under the will of said deceased. The bill shows that the will was proved on February 10, 1898, more than six years before the commencement of this suit. In addition to the specific allegations of the bill recited in the opinion of the majority of the court, the bill charges "that the said Sinnott wrongfully claims that the said estate of Andrew M. Moore never did have any interest in or right to said firm name of Moore & Sinnott, or the good will of said business, or said trade-marks or labels, or the right to do business under the name of Moore & Sinnott as successors to John Gibson's Son & Co." Sinnott is not only the surviving partner of Andrew M. Moore, but he is also coexecutor and trustee of his estate with the other defendants.

It seems very clear that the bill presents a case properly cognizable in a court of equity. In Bowsher v. Watkins, 1 Russ. & Mylne, 277, residuary legatees sustained a bill in equity for an account between the executor and the surviving partner of the testator, though collusion between the executor and the surviving partner was neither charged nor proved. In Holland v. Prior, 1 Myl. & Keen, 237, 244, the Lord Chancellor unreservedly sanctioned the decision in Bowsher v. Watkins. In Newland v. Champion, 1 Ves. Sen. 105, 106, the Lord Chancellor said: "Many bills are brought in this court, not only making the representatives parties, but also any other persons who have possessed the specific assets; and there are many instances where the surviving partner is made party that they may have an account of the personal estate entire." Even were it conceded that a bill by one beneficiary interested in the estate of a deceased partner against his surviving partner and personal representative is not maintainable in the absence of special circumstances (as was intimated in Travis v. Milne, 9 Hare, 141), the special circumstances in the present case are quite sufficient to sustain the bill. Upon its averments we have here the element of demand by the complainant upon the two executors to bring the surviving partner to an account of partnership assets in his hands, and their failure so to do. Now, in Lancaster v. Evors, 4 Beav. 158, a creditor of a testatrix was allowed to maintain a bill against the executors and persons claiming a fund on which the testatrix had an equitable demand for the purpose of obtaining payment thereout; the executors having refused to take proceedings for establishing the demand. Moreover, great and inexcusable laches seems justly imputable to the defendants here. Again (as is charged in the bill), the surviving partner, Sinnott, by the sufferance of his codefendants, has been using partnership assets without any account of profits realized by him, and he wrongfully denies that the estate of the decedent has any interest or right in or to those assets. And, finally, Sinnott is a coexecutor with the other defendants of the estate of the deceased. Therefore he is in a very different situation from that of a mere debtor to the estate. He is liable upon the footing of a trust. As

executor be is amenable (as are his coexecutors) to a court of chancery at the suit of one beneficially interested in the estate who seeks discovery and distribution of assets. Thompson v. Brown, 4 Johns. Ch. 619 (per Chancellor Kent). Undoubtedly, "in the court of chancery executors and administrators are considered as trustees, and that court exercises original jurisdiction over them, in favor of creditors, legatees, and heirs, in reference to the proper execution of their trust." Green v. Creighton, 23 How. 90, 106, 16 L. Ed. 419. This ancient and original jurisdiction of courts of equity is vested by the Constitution and laws of the United States in the Circuit Courts of the United States in controversies arising between citizens of different states (Borer v. Chapman, 119 U. S. 587, 600, 7 Sup. Ct. 342, 30 L. Ed. 532); and the jurisdiction thus given to the Circuit Courts is the same that the High Court of Chancery in England possessed (Id.; Payne v. Hook, 7 Wall. 425, 430, 19 L. Ed. 260). Now, it is the well-settled doctrine that this equity jurisdiction so conferred upon the courts of the United States cannot be affected by any state legislation. Union Bank v. Jolly, 18 How. 503, 15 L. Ed. 472; Green v. Creighton, supra; Payne v. Hook, supra; Borer v. Chapman, supra. Reaffirming this doctrine in Lawrence v. Nelson, 143 U. S. 215, 223, 12 Sup. Ct. 440, 443 (36 L. Ed. 180), the Supreme Court, speaking by Mr. Justice Gray, declared that "the general equity jurisdiction of the Circuit Court of the United States to administer, as between citizens of different states, the assets of a deceased person within its jurisdiction, cannot be defeated or impaired by laws of a state undertaking to give exclusive jurisdiction to its own courts." The only qualification in the application of this principle is that the Circuit Court of the United States, in the exercise of its jurisdiction over the parties, cannot seize or control property while in the custody of a court of the state (Borer v. Chapman, supra), or "take possession of property in the hands of an administrator appointed by the state court, and thus dispossess that court of its custody" (Byers v. McAuley, 149 U. S. 608, 618, 13 Sup. Ct. 906, 910, 37 L. Ed. 867). The bill in this case does not contemplate or involve the seizure or control or the taking possession of any property in the custody of the state court. The specific partnership assets which the complainant seeks to reach by an accounting are in the hands of Sinnott as surviving partner. Those assets are neither actually nor constructively in the possession or custody of the state court. Sinnott, as surviving partner, is in lawful possession of those assets, and the legal title thereto is in him. He is bound to account therefor to the estate of the deceased. But he refuses to do so, and his coexecutors practically refuse to compel him to account. In this situation the complainant, under the above-cited authorities, had a right, I think, to invoke the equitable interposition of the Circuit Court for relief.

The dismissal of the complainant's bill, it seems to me, was not at all justified by the decision in Byers v. McAuley, 149 U. S. 608, 13 Sup. Ct. 906, 37 L. Ed. 867. In that case the assets of the decedent's estate were actually in the hands of the administrator, and his account showing the balance for distribution had been confirmed by the state court, and the cause was set by the state court for final hearing and decree of distribution. In that situation a bill was filed in the Circuit Court of the United States by citizens of other states claiming interests in the assets. The Supreme Court sustained the jurisdiction of the Circuit Court to entertain the bill for the adjudication of the claims of the complainants therein, but held that the Circuit Court should have gone no further, as the filing of the bill did not authorize the Circuit Court "to take bodily the administration of the estate out of the hands of the state court and transfer it to its own forum." The Supreme Court applied to the case the rule that, where property is in the actual possession of a court of competent jurisdiction, such possession cannot be disturbed by process out of another court; the Supreme Court holding that the possession of the decedent's property by the administrator, who had been appointed by the state court, was the possession of that court. Certainly, a court of equity is the appropriate forum for the settlement of an account between partners. If it be conceded that the orphans' court can grant relief to this complainant by surcharging the executors, still equity affords a much better remedy. Miller's Estate, 136 Pa. 349, 20 Atl. 565. Now, although

the Circuit Court, under this bill, might proceed to distribute any balance found due the estate of the decedent (Thompson v. Brown, 4 Johns. Ch. 619), yet the bill does not specifically pray for distribution by the Circuit Court, and such distribution would not necessarily follow the accounting. The bill rather contemplates, and the Circuit Court might well decree, that the balance found due the estate by the surviving partner upon the accounting be paid over to the executors to go into their executorship account for ultimate distribution by the orphans' court. No reasonable objection lies to the grant of relief to that extent under this bill. To say that the jurisdiction of the orphans' court to settle this partnership account excludes the exercise by the Circuit Court of the United States of its equitable jurisdiction is, I think, to repudiate the principles declared by the decisions of the Supreme Court.