# Mamaux's Estate.

*Jurisdiction, O. C.—Partnership accounts—Continuance of business by executors—Legatees—Right to accounting.*

During the continuance of a partnership business which was directed by a testator to be conducted by his executors for a period of years after his death, the Orphans' Court has no jurisdiction to require executors to account for the business and pay over the net profits thereof to testator's legatees.

Argued Feb. 5, 1918. Appeal, No. 178, Oct. T., 1917, by Jane V. Witherspoon, from decree of O. C. Allegheny Co., Sept. T., 1916, No. 138, dismissing exceptions to ac-

count of executors in Estate of Albert L. Mamaux, deceased.	Before Brown, C. J., Potter, Moschzisker, Frazer and Walling, JJ.	Affirmed.

Exceptions to account of executors.

Miller, J., filed the following opinion:

The question is, whether the executors should account for partnership business and pay over net profits, if any, during the continuance of the partnership which was directed by the testator to be conducted for five years after his death.	The following paragraphs of testator's will are involved in this question:

"Fourth. In regard to my one-third interest in the partnership business of the Pittsburgh Waterproof Company, it is my will and I direct at the election of my partners, that they carry on and conduct said business for a period of five years after my decease; my brother, E. Mamaux, to have the full management and control of said business during said period. In regard to my one-third interest in the partnership business of A. Mamaux & Sons firm, it is my will and I direct at the election of my partners that they carry on and conduct said business for a period of five years after my decease.

"Fifth. At the expiration of five years from the date of my decease, in the event that my associates or partners in the business of the two firms, viz: the Pittsburgh Waterproof Company and A. Mamaux & Sons, desire to purchase my interest in said firms at the invoice price, it is my will that they shall have the right to do so; and in the event of their refusing to do so, I direct my executors hereinafter named, to sell the same to the purchaser or purchasers paying the highest price therefor; the proceeds to go as hereinafter stated."

"Seventh. I direct my executors hereinafter named to make no distribution of my estate except the payment of the specific legacies herein made, until five years from the date of my decease, at which time if they have not converted all of my property, real, personal and mixed,

into cash, I direct them to do so as soon after said period of five years as possible, and to distribute the same as follows:

"(a) The income on one-third of the amount realized from the sale of my real estate shall be paid to Nora H. Mamaux, my wife, during her lifetime, in lieu of her dower interest therein. The principal sum, upon the death of said Nora H. Mamaux, to go to the parties as provided in the succeeding paragraph.

"(b) I hereby direct my executors hereinafter named to divide all of the residue of my estate, into three equal parts; One-third I give to the children of my son, Isaac Mamaux; one-third I give to the children of my son, John J. Mamaux, and the other one-third to my daughter, Jane V. Witherspoon; or, in case of her death before my death, to her children."

The account filed embraces, inter alia, an appraised value in the inventory in the partnership of the Waterproofing Company and in the partnership of Mamaux & Sons.

The surviving partner, one of the executors, has elected, and is conducting the partnership business, with the supervision and examination of the other executor in accordance with the terms of the will. The executors have not accounted for the condition of the continuing partnership business and take the position, first, that the terms of the will do not contemplate intermeddling with the partnership business by legatees during the five-year period; also that the terms of the will preclude any distribution, whether of income or corpus, until the expiration of said term; and, second, that this court is without jurisdiction at this time to inquire into, and require an accounting of the partnership affairs.

We express no opinion upon the first two contentions for we are clear that the court has no jurisdiction at this period. Accepting the concession as a fact, that the partnerships are in active operation under testator's direction, then it is clear that this court would have no

1918.]    Opinion of Court below—Opinion of the Court.

power of visitation over such partnership. There is no estate of the deceased partner in this court; he continued his interest òr estate in the partnership with the surviving partner. While it is true the executors as such are amenable to the jurisdiction of this court; as partners under the terms of the will they are not.

The Orphans' Court has no jurisdiction to inquire into the fact of the partnership, nor of an accounting in partnership affairs, Miller's Est., 136 Pa. 349; if it has no jurisdiction to settle a partnership account, Barclay v. Barclay, 230 Pa. 467, then it has no jurisdiction to inquire into profits, if any, and distribute the same; if either the surviving partner or the estate of a deceased partner must proceed in the Common Pleas for a settlement of partnership affairs, DeCoursey's Est., 211 Pa. 92, then the rights of a legatee or heir of a deceased partner are in the same status.

The court dismissed the exceptions. Jane V. Witherspoon appealed.

*Errors assigned* were in dismissing the exceptions.

*John B. Eichenauer,* of *Rose & Eichenauer,* with him *Sharpe & Elder,* for appellant.

*H. M. Irons,* for appellee.

Per Curiam, March 11, 1918:

This appeal is dismissed, at appellant's costs, on the opinion of the learned court below dismissing the exceptions to the account of the executors, in which it properly held it had no jurisdiction in the premises.