## Brown's Estate.

*Decedents' estates — Partnership — Jurisdiction, O. C. — Extinct partnership—Firm claim against deceased partner's estate—Act of March 26, 1915.*

1. The Orphans' Court has no jurisdiction to determine the fact of a partnership.

2. The Orphans' Court cannot entertain jurisdiction of a claim by a partner as such against a deceased partner's estate.

3. A claim by a person who asserts that he was a partner of a decedent can only be considered by the Orphans' Court after the fact of the partnership has been ascertained by a court of competent jurisdiction, and after the partnership affairs shall have been settled by such court and a balance found to have been due by the decedent to the claimant.

4. Under the Act of March 26, 1915, P. L. 18, upon the death of all the members of a partnership, the law casts upon the personal representatives of the last surviving partner the duty of winding up the affairs of the firm.

5. Such representatives have the right to wind up the partnership affairs, including power to litigate, if necessary, without interference from the personal representatives of the other deceased partner or partners.

6. The Orphans' Court has jurisdiction to pass upon the title and ownership of personal property listed in the inventory of a decedent's estate, but claimed by others, when such claimants submit themselves to the jurisdiction of the court, and elect the same as the tribunal to adjudicate their claims.

Petition to enjoin sale and compel more detailed inventory. O. C. Washington Co.

*Murdoch & Sons* and *W. F. Smith*, for petitioner.

*D. M. Anderson* and *Acheson & Crumrine*, for respondent.

Hughes, P. J.—Walter J. Brown, a resident of the Borough of Donora, Washington County, Pa., died intestate on Nov. 17, 1920, in possession of considerable real and personal property, and survived by three children and a widow, Izabelle Brown, to whom the Register of Wills of this county, on Dec. 4, 1920, issued letters of adminstration upon his estate. The said administratrix, in due course of her administration, caused an inventory and appraisement of the personal estate of the decedent to be made, the same being of record in said register's office in Inventory Book No. 26, at page 221, and totaling in the aggregate $20,878.63, the principal item of which reads: "Jewelry Store, McKean Avenue, Donora, Penna., $17,849.70." The said administratrix has advertised and proposes to sell at public sale in bulk, on Feb. 9, 1921, on the premises at No. 669 McKean Avenue, Donora, Pa., the said jewelry store, contents and fixtures.

Henry R. Brown, father of the said Walter J. Brown, deceased, died, a resident of Belmont County, Ohio, on Feb. 20, 1920, leaving a last will and testament, since his death duly probated, letters testamentary thereon having been issued under date Jan. 6, 1921, to his widow, Elizabeth J. Brown. Subsequently an exemplication of the record of the said will and its probate was filed in the Register's Office of Washington County, Pa., whereupon ancillary letters of administration *c. t. a.* were issued under said will to The Union Trust Company of Washington.

The said ancillary administrator has presented to this court its petition (which is the foundation of the controversy at bar), wherein it claims that at the death of the said Henry R. Brown, he and his son, the said Walter J. Brown, were, and for some years prior thereto had been, partners—their firm owning and operating the said jewelry store; that after the death of the said Henry R. Brown, the said store had been operated for the firm by the said Walter J. Brown, as surviving partner, down until his death, which occurred, as aforesaid, on Nov. 17, 1920; that the said partnership business and affairs

Brown's Estate.

had never been wound up or settled; that, nothwithstanding that said store, its stock and fixtures, so as aforesaid, belonged to the said partnership, the said Izabelle Brown, as administratrix of the estate of the said Walter J. Brown, deceased, claimed the exclusive ownership of the said store, stock and fixtures to be in her decedent, had so as aforesaid included the same in the official inventory and appraisement of his estate, and proposed to make said public sale thereof as his absolute property, said petitioner complaining that the said inventory and appraisement in the said Walter J. Brown estate is not sufficiently detailed, rendering it impossible for the petitioner to determine whether or not the same is fair and accurate, and that a loss will result to the said Henry R. Brown estate if the said administratrix of the Walter J. Brown estate is permitted to sell and dispose of the said store and contents, until a more true and perfect inventory and appraisement shall have been made and before the rights of the estates of the said partners shall have been adjudicated in a proper court; said petition concluding with prayers that this court enjoin and restrain the said proposed sale of the jewelry store, stock and fixtures until further order, and that the said administratrix be required to have made and filed a proper detailed inventory and appraisement of the estate of the said Walter J. Brown, deceased.

A citation having been issued under the said petition, the said Izabelle Brown, as such administratrix, in due course filed her answer, wherein she admits her plan to make public sale of the said jewelry store and contents as alleged; avers her right so to do because the same belongs exclusively to the estate of her decedent, the said Walter J. Brown; denies that any such partnership ever existed between her deceased husband and his father; denies that either such a partnership or the said Henry R. Brown or his estate own, or at any time have had any interest in, the said store and contents, either directly or indirectly; denies that the said inventory and appraisement is insufficient or incorrect, except for certain specified personal effects admitted to have been erroneously omitted therefrom; and denies that the petitioner, as the personal representative of the estate of the said Henry R. Brown, has any standing in law to criticise or object to the said inventory and appraisement, its form or substance, or to interfere with or intermeddle in the estate of Walter J. Brown, deceased, or its administration; said respondent, therefore, praying that the said petition and citation issued thereunder be dismissed.

A replication having been filed, the matter came on for a hearing. Before the taking of any testimony, counsel for the respondent, Izabelle Brown, administratrix, made a formal motion that the petition be dismissed for the averred reason that the record shows that the petitioner has no legal standing to maintain the proceeding, pointing out that the application is made for the estate of the said Henry R. Brown, deceased, in the exclusive capacity of alleged partner of the said Walter J. Brown, deceased, the existence of which partnership is denied in the answer, this court having no jurisdiction or power to determine the fact of such partnership or to inquire into its affairs and operations, if such partnership actually did exist as claimed.

While we recognized at the hearing the legal merits of this motion, we considered it prudent then to overrule the same *pro forma* and thereby allow the testimony to be taken (there being then in attendance many witnesses summoned by both sides—several from a distance), so that unnecessary expense of trial might be saved if a decision adverse to the petitioner should be made and later found erroneous. The petitioner thereupon called its witnesses, whose testimony tended to show the existence of the partnership

1 D. & C.

alleged and the ownership by that partnership of the said jewelry store and contents. Nearly all of this testimony was objected to by respondent's counsel on the ground of incompetency of the witnesses so testifying. All of said objections were, against our convictions, overruled *pro forma,* to the end that, for the reason suggested, all of the petitioner's case might at said hearing be brought upon the record. The respondent offered no testimony, choosing to rest her defence on the legal grounds set up in her answer and in her counsel's motion aforesaid.

We are now of the opinion that it is unnecessary for us here to pass upon the said objections to testimony or to the competency of the witnesses who so testified, or even to review or consider any of such testimony or evidence produced at the hearing, believing that the same is wholly immaterial to the issue at bar, having reached the conclusion that the petitioner is presently without legal standing to maintain this proceeding or to have the relief prayed for.

Let it be observed that the application here made is so made by the petitioner as the personal representative of the estate of Henry R. Brown, purely in its decedent's capacity of alleged partner of Walter J. Brown, deceased, and is not made in any other capacity, such as creditor, heir, kin, devisee or legatee of the latter's estate. If, then, the relief prayed for is to be granted, it will be so afforded the petitioner only on account of its decedent being a member of the alleged partnership with the respondent's decedent, and not for any other reason or through any other capacity, or on account of any other relation or interest which Henry R. Brown or his estate might have in or to the estate of Walter J. Brown, deceased. But the existence at any time of such a partnership is emphatically denied by the respondent in her said answer, and such denial is repeated and continued in her counsel's said motion to dismiss the petition. Now, before this court can recognize the standing or right of the petitioner as the personal representative of the said Henry R. Brown, deceased, to intermeddle in the administration of the Walter J. Brown estate, to say the least, the partnership relations must be judicially established; but the Orphans' Court has no jurisdictional power to determine that fact — jurisdiction over such subject-matter belonging exclusively to another tribunal, to wit, the Court of Common Pleas: Miller's Estate, 136 Pa. 349 (1890) ; Weigley *v.* Coffman, 144 Pa. 489 (1891) ; Mamaux's Estate, 260 Pa. 514 (1918).

The existence of such a partnership being so denied by the respondent, it could only be after that fact had been judicially determined by the said court of competent jurisdiction, to wit, the Court of Common Pleas, that this, the Orphans' Court, could recognize Henry R. Brown as such a partner. Now, as this court cannot presently recognize the application of Henry R. Brown's estate, so presented and maintained exclusively under his alleged capacity of partner, and as the application is made through no other capacity, it necessarily follows that this court cannot at all in this application recognize the said Henry R. Brown or his personal representative, or the legal standing of either, to maintain this proceeding. We might at this point end the discussion; but, as the petitioner's petition expresses matters of much importance to the estate which it represents, let us go into the matter somewhat deeper, so that our disposition of the matter may not appear illy-considered. Let us, then, suppose that the fact of partnership were either admitted or had heretofore been judicially established by a court of competent jurisdiction; then let us further assume that the allegations of the petition are true. Both Henry R. Brown and Walter J. Brown have died since the Partnership Act

of March 26, 1915, P. L. 18, was approved and became effective, and, hence, their partnership (assuming that such a partnership existed) is to be governed and controlled by the provisions of that statute. The death of Henry R. Brown (the first of the partners to die) dissolved the partnership (clause 4 of section 31) ; the right and duty to wind up the partnership, therefore, falling on the surviving partner, Walter J. Brown (section 37), and, upon the latter's death, that right and duty passed by law (section 37) to the legal representative of the said last surviving partner, Walter J. Brown, deceased, to wit, Izabelle Brown, the administratrix of his estate. It is thus seen that by operation of law the title of the specific property of the partnership became vested in such administratrix of the said last surviving partner (clause D, section 25) for the purpose of winding up the said partnership business and affairs, it then becoming her duty to convert the same into cash, collect in the assets and credits of the partnership, pay partnership obligations therefrom and then distribute the balance between the estates of the two partners. Thus, granting to be true all of the material facts set up in the petition, to wit, the existence of said partnership, that its affairs had never been wound up and that the jewelry store and stock are the property of the said partnership, we find that such specific partnership property, to wit, the said store and contents, in so being presently in the possession of Izabelle Brown, are in the proper hands prescribed by law, she being the personal representative of the surviving partner. Here, therefore, we observe Izabelle Brown occupying two trust offices, to wit, the one as administratrix of her deceased husband's estate, and the other as liquidating agent of the said alleged partnership. Therefore, it is her province and duty to administer and settle up two separate and distinct estates, to wit, the one the individual estate of Walter J. Brown, deceased, and the other the estate of the alleged late partnership.

Now, let us turn to the petition, so that we may accurately perceive the precise matters of which the petitioner complains. It is at once seen that the real complaint is aimed against the conduct (or misconduct) of the said Izabelle Brown in administering the duties as liquidating agent of the said partnership and not as administratrix of her deceased husband's estate. The true complaints of the petitioners are that she has not separated the partnership property and assets from the property and assets of the individual estate of Walter J. Brown, and that she proposes to convert such partnership property and assets to the use of the said Walter J. Brown estate, and sell the same, as though the same were the individual property of the said decedent. It will be noted that the petitioner does not in fact complain that she is committing any breach of duty or trust as administratrix of her deceased husband's estate. A complaint of such nature would certainly be without merit, because everything complained of which she has done or proposes to do benefits, and will benefit, the estate of the said Walter J. Brown, deceased, although, indeed, such acts might be prejudicial to the estate of the said partnership, whose winding up the law has so as aforesaid cast upon her. The adding of the proceeds of the proposed sale of partnership goods and chattels (if indeed partnership property) to, and blending the same with, the funds of the Walter J. Brown estate, as the petitioner implies she proposes to do, would greatly enhance the total of the assets of her deceased husband's estate to the manifest benefit of all persons interested therein, and in every capacity, whether as kin, creditor or distributee. Aside from the fact that the partnership estate would thus be depleted in augmenting the Walter J. Brown estate, such procedure would be for the benefit of the said Henry R.

1 D. & C.

Brown and his estate, thereby furnishing it with more assets and greater security for its claim if it shall hereafter get into the position of a creditor of the said Walter J. Brown estate. It is thus seen that all of the matters of which the petitioner complains concern and are aimed at her alleged maladministration of her duties as liquidating agent of the defunct partnership and not as administratrix of her decedent's estate. But of such matters so complained of this court cannot take cognizance, for jurisdiction over partnership affairs and the control of the liquidating agent are reposed by law exclusively in the Court of Common Pleas. It, therefore, follows that were the fact of partnership admitted or judicially established, the Orphans' Court is without jurisdiction to examine into the matters in the petition complained of (to wit, partnership operations, business or affairs) or to grant the relief prayed for.

It must be admitted that at the death of the said Walter J. Brown, all of the specific chattels and property involved in this controversy were in his exclusive possession, the record before us showing that the same were included as his individual property in the official inventory and appraisement of his estate. This court must, therefore, presume that the said chattels and personal property belong to the decedent exclusively and in his own right, and not to the partnership or other person: Paxson's Estate, 225 Pa. 204 (1909); Williams's Estate, 236 Pa. 259 (1912), and Turner's Estate, 244 Pa. 568 (1914).

Therefore, when she plans and proceeds to make sale of the said chattels and property of his estate, she is acting in the usual and proper course of administration. She is accountable to this court exclusively in her capacity as administratrix of her husband's estate, and not in her capacity as liquidating agent of the alleged partnership or in any other capacity. Except in her capacity as administratrix, she is accountable to another court. Simply because she is answerable to this court in her capacity as administratrix, it does not follow that this court has any control over her in her individual or in any other trust capacity.

"But, it may be replied, here the executrix is in court, subject to its jurisdiction, and that this must be said as well of the property which is in her possession. True, as executrix, she is in court, but as Jennie M. Stroup individually she is not. The Orphans' Court has jurisdiction over her in her representative character and over the property which she holds as executrix; but with respect to her individual rights of property, she stands as clear of the power of the court as any third party:" Cutler's Estate, 225 Pa. 167, 171 (1909).

Now, as no complaint is made to the manner in which she is discharging her duties as administratrix of that estate, which is within the control of this court, why should this court be called upon to interfere with her administration thereof (all the matters complained of appearing to be beneficial to her decedent's estate), and why should this court presume to direct and control her in the exercise of her duties of administering the partnership estate, which is not within the jurisdiction of this court, but is subject to the control of another tribunal, to wit, a court of competent jurisdiction, possessing adequate and appropriate means for affording the relief prayed for (if the petitioner should be found to be lawfully entitled thereto)? We are clearly of the opinion that this court has no jurisdiction to intermeddle in the administration of the estate of such alleged partnership (if indeed one existed), or determine or adjudicate the matters complained of; all of which are within the exclusive power and control of the Court of Common Pleas: Miller's

Estate, 136 Pa. 349 (1890); Weigley *v.* Coffman, 144 Pa. 489 (1891), and Mamaux's Estate, 260 Pa. 514 (1918).

But if it be argued that the present proceedings are designed merely to compel the severance and segregation of partnership property and assets from those belonging to the individual estate of Walter J. Brown, deceased, we are still of the opinion that this court is powerless to entertain the petition and grant the relief prayed for. We are mindful of that principle of law laid down in those cases whereof Miller's Appeal, 84 Pa. 391 (1877); High's Estate, 136 Pa. 222 (1890); Smith's Estate, 144 Pa. 428 (1891); Gaffney's Estate, 146 Pa. 49 (1891); Qualters's Estate, 147 Pa. 124 (1892); Crosetti's Estate, 211 Pa. 490 (1905); Paxson's Estate, 225 Pa. 204 (1909); Williams's Estate, 236 Pa. 259 (1912), are examples; these cases holding that the Orphans' Court has, under proper circumstances, power to consider and finally determine title to personal property which appears in the inventory, account or other part of a decedent's estate, but which is claimed by some one adversely to the estate. The present petition appears to be an application of such character. It will be noted, however, that no claim for any of the specific property (the proposed sale whereof is complained of) is made for or on behalf of the said Henry R. Brown estate, the claim being apparently made only for the partnership. Neither Henry R. Brown nor Walter J. Brown, nor the estate of either, own or have the title to any of such specific property of such alleged partnership; the partnership itself, as an entity, owning the title thereto, the partners being entitled only to a division of the proceeds thereof after the claims, if any, of creditors have been satisfied: Partnership Act of March 26, 1915, P. L. 18.

It is apparent, then, that in making the application through the petition which founds this proceeding, the ancillary administrator of the estate of Henry R. Brown, deceased, is acting as champion for the partnership it alleges. It may be seriously doubted if the petitioner has such right to grasp and carry the partnership flag in legal battles in which the alleged partnership participates, the law having reposed such function and duties exclusively in the surviving partner or his personal representative. But, granting that the petitioner had such power, the application so made for the relief becomes the application of the partnership, the existence of which, however, is denied by the respondent. Therefore, before this court could recognize the claim of title made by or for the said alleged partnership for specific goods and chattels averred to be erroneously included in the inventory and appraisement as the individual property of the decedent, Walter J. Brown, the fact of such partnership would first have to be judicially established; but the Orphans' Court, as we have found under the authorities heretofore cited, has no jurisdictional power to determine that fact. Nor would this court have jurisdictional power to recognize in these proceedings the said Henry R. Brown as a creditor of, or claimant against, the estate of his deceased son, based on partnership dealings and operations with him, until after the existence of such partnership had been judicially determined by the Court of Common Pleas, the partnership business and affairs wound up therein and a balance struck against the deceased son's estate in favor of the father's estate: Ainey's Appeal, 11 W. N. C. 568 (1882); Bentley's Estate, 16 Phila. 263 (1883); Miller's Estate, 136 Pa. 349 (1890); McNeilan's Estate, 167 Pa. 473 (1895); De Coursey's Estate, 211 Pa. 92 (1905); Blumenthal's Estate, 227 Pa. 268 (1910).

Whether, therefore, the petition is construed to be an application made by a partner's individual estate or for a partnership estate, the applicant is with-

1 D. & C.

out legal standing to maintain this proceeding in this court, and, accordingly, this court cannot recognize the complaints of the petitioner as to the form or substance of the said inventory and appraisement (see Fiduciaries Act of June 7, 1917, clause *(e)*, § 11, P. L. 447), nor its standing to otherwise intermeddle in or interfere with the administration of the said Walter J. Brown estate; and such incapacity will continue until the condition precedent has been fulfilled, to wit, by a proper judicial determination of the existence of such partnership and a due adjudication of its business and affairs.

Our action in dismissing the petitioner's petition is based exclusively on absence of jurisdiction in this court, and the same is done without prejudice to the petitioner's right to seek redress in a tribunal of competent jurisdiction having authority to determine the fact of partnership, control the proper winding up of the partnership business and affairs, compel a due accounting thereof, and, incidentally, if proper grounds be established, to restrain the consummation of the alleged wrongful conversion and proposed sale of partnership property and assets, enforcing its orders by attachments or through a receivership: Partnership Act of March 26, 1915, § 37, P. L. 18, 28.

And now, Feb. 8, 1921, the within matter came on to be heard on petition, citation, replication and testimony, and the same was argued by counsel, whereupon, for the reasons assigned in the foregoing opinion, the petition is dismissed, at the cost of the petitioner, without prejudice, however, to its right to apply for the relief sought to any other court or tribunal of competent jurisdiction.

From Harry D. Hamilton, Washington, Pa.