# Cunningham's Estate.

*Decedents' estates—Accounts — Partnership agreements — Sale of partnership property.*

1. An administrator should include in his account only moneys belonging, or which he claims to belong, to his decedent's estate.

2. The orphans' court is not the forum to settle partnership accounts nor disputes arising between the administrator and the surviving partner as to the former's right to sell partnership assets.

3. A decedent had in his possession a valuable painting as to which he had given L. & Co., a writing admitting their ownership of a half interest therein, and that they were to receive half of whatever it sold for. L. & Co. sent the administrator a copy of this paper and notified him not to sell the painting. Despite such notice the administrator sold the painting, included the entire proceeds of sale in his account and asked the orphans' court to award L. & Co. one-half of the net proceeds. *Held,* that the account should have been reformed by eliminating therefrom the half interest in the proceeds of sale of the painting belonging to L. & Co.

Argued October 6, 1920. Appeal, No. 102, Oct. T., 1920, by A. Lipman & Co., from decree of O. C. Philadelphia County, Oct. T., 1919, No. 845, dismissing exceptions to adjudication in the estate of William A. Cunningham, deceased. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ. Reversed.

Exceptions to adjudication. Before LAMORELLE, P. J.

The facts are stated in the opinion of the Superior Court.

190, (1920).] Assignment of Errors—Opinion of the Court.

*Errors assigned* were in dismissing the exceptions.

*Paul Reilly,* for appellant, cited: Trout v. Kennedy, 47 Pa. 387; Agnew v. Johnson, 17 Pa. 373; Walworth v. Abel, 52 Pa. 370; Vivian v. Challenger, 45 Pa. S. C. page 1; Browning et al. v. Cover, 108 Pa. 595; Martin's Est., 1 D. R. 167; Bentley Est., 16 Phila. 263; Corson's Est., 137 Pa. 160.

*Wesley H. Caldwell,* for appellee.

OPINION BY KELLER, J., December 10, 1920:

This appeal presents a peculiar situation. The decedent had in his possession a painting by Thomas Cole called the "Dream of Arcadia," in connection with which he had given the appellants the following paper: "Phila. Pa. 12/29/1905. To whom it may concern, this is to certify that the portrait in my possession of dutch borgomeister is the property of A. Lipman & Co., Chicago, Ill., and is subject to their order at any time and that they own a full half interest in the painting Dream of Arcadia by Thomas Cole, also in my possession of which they are to receive half of whatever it is sold for. Wm. A. Cunningham." After his death his administrator, despite the fact that A. Lipman and Company notified him of their interest in the picture and sent a copy of the above agreement, without notice to them sold the picture at public sale for $500 and included the full proceeds of such sale in his administrator's account. Lipman and Company appeared at the audit, protested against the sale and contended that the administrator had no power to sell their half interest in the picture, and disclaimed any interest in the fund for distribution. The orphans' court held that the decedent had a right to sell the picture and that after his death his personal representative had the like power and awarded Lipman and Company half the proceeds less expenses of sale.

**192**        CUNNINGHAM'S ESTATE.

We are not called upon in this proceeding to decide whether the decedent's authority to sell the picture survived to his administrator. It may well be that Cunningham was considered specially qualified to deal in paintings of this character, and that Lipman and Company relied on this qualification which was special and personal to him and did not extend to his administrator, and that the agency in Cunningham terminated with his death. But that question is not properly before us nor was it for the orphans' court to decide. The orphans' court is not the forum to settle partnership accounts or try partnership property disputes nor was it within its province to construe the agreement in question: Ainey's App., 11 W. N. C. 568, 2 Penny. 192; Miller's Est., 136 Pa. 349; Wiley's Exr's App., 84 Pa. 270.

The administrator, whatever his rights in the premises, should have included in his account only the funds, or share of the proceeds of sale, belonging to his decedent's estate: Shipe's App., 114 Pa. 205; Aycinena v. Peries, 6 W. & S. 243, pp. 255, 256. Lipman and Company in this matter were not a creditor of the decedent; their dispute was not with him but arose only after his death and was with the administrator alone, and the orphans' court was not the forum in which to try it: Bentley's Est., 16 Phila. 263; McBride's App., 72 Pa. 480, p. 484; Braman's App., 89 Pa. 78, p. 84.

The account should have been reformed by eliminating from it any portion of the proceeds of sale alleged by the administrator to belong to Lipman and Company, and if the administrator insisted that it was all properly included in the account, the entire balance should have been awarded to the decedent's creditors. The appellants cannot be concluded by any decree of the orphans' court in the premises.

The decree is reversed at the costs of the appellee, and the record is remanded with instructions to the court below to permit the account to be reformed in accordance with this opinion and to distribute the balance thus

shown to be in the accountant's hands among the creditors of the decedent.