# Browne, Appellant, *v.* Maxwell et al.

*Equity—Jurisdiction—Decedents' estates—Distribution thereof —Testamentary trustees of stock—Corporation—Orphans' court— Jurisdiction—Trustee ad litem.*

1. A court of equity has no jurisdiction, in a suit instituted by a beneficiary under a will to compel testamentary trustees to account for undue profits made by one of them from alleged excessive salary as an officer of a corporation, and otherwise from the control of the greater portion of the stock of the corporation, owned by their decedent and left to them in trust, and to distribute these alleged profits which plaintiff expressly claims to be assets of the decedent's estate.

2. If one of the legatees owns a portion of the stock in his individual right he may maintain a bill to restrain the corporation from paying excessive salaries and to require it to account for excessive compensation already paid.

3. The orphans' court has no power in such case to compel an accounting by the corporation inasmuch as it has no jurisdiction to inquire into the operation of the corporation and to ascertain and distribute its profits.

4. On a proper showing, the orphans' court has power to appoint a trustee ad litem for the purpose of prosecuting a suit in the common pleas against a corporation and its officers where testamentary trustees of the corporate stock, also the aforesaid being officers of the corporation, are not in a position to act disinterestedly for the protection of the testamentary interests involved in the proposed litigation.

Argued January 17, 1927.   Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 165, Jan. T., 1927, by plaintiff, from decree of C. P. No. 4, Phila. Co., March T., 1926, No. 4112, dismissing bill in equity, in case of Helen M. Browne v. Charles T. Maxwell and John Maxwell, individually and as trustees under wills of John and Elizabeth Maxwell, et al.   Affirmed.

Bill for accounting.   Before AUDENRIED, P. J.

The opinion of the Supreme Court states the facts.

Bill dismissed.   Plaintiff appealed.

*Error assigned* was decree, quoting record.

*William G. Wright,* with him *Robert P. F. Maxwell,* for appellant.—The orphans' court has no jurisdiction: Goetz's Est., 236 Pa. 630.

The common pleas court has jurisdiction: Jones's App., 3 Grant 169; Ebert's App., 9 Watts 300; Brown's App., 12 Pa. 333; Sager v. Mead, 171 Pa. 349; Innes's Est., 4 Wh. 179.

The corporation is not a necessary party.

*C. B. Wagoner,* with him *J. W. McWilliams* and *C. S. Wesley,* for appellees.—The orphans' court has exclusive jurisdiction: Hegerman's Est., 28 Pa. Dist. R. 384; Bunce v. Galbrath, 268 Pa. 389; Girard's Est., 48 Pa. C. C. R. 608; Williams's Est., 236 Pa. 259; Schadt's Est., 282 Pa. 523; Engle v. Engle, 21 Luz. 277; Marshall's Est., 138 Pa. 285; Odd Fellows Savings Bank App., 123 Pa. 356; Watts's Est., 158 Pa. 1.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, February 7, 1927:

Plaintiff filed a bill in equity averring as follows: that she was a daughter of John Maxwell and Elizabeth Maxwell, his wife, and a beneficiary under their respective wills; her father's will was probated at Philadelphia and letters testamentary were granted thereon to the two first named defendants, Charles T. Maxwell and John S. Maxwell; her mother's will also was probated at Philadelphia and letters thereon were issued to the aforesaid defendants, who duly qualified, and have ever since acted as executors and trustees under both of these wills; plaintiff, the defendants above mentioned, and certain of the decedents' other children and grandchildren (also named as defendants, because they refused, on plaintiff's request, to join in her bill) are all the persons interested in these estates; the will of John Maxwell, deceased, provided that the trustees named by him

should hold in trust his stock in a corporation organized and existing under the laws of Pennsylvania, known as the Wilton Hygiene Underwear Knitting Company, having its principal place of business in the County of Philadelphia, and a similar provision as to another block of this stock is contained in the will of Elizabeth Maxwell, deceased; at the deaths of John and Elizabeth Maxwell, and thereafter until about April 16, 1924, the capital stock of the company consisted of 200 shares, par value $50 each, of which 150 shares, belonging to the estate of John Maxwell, are held and controlled by the trustees under his will, 25 shares, belonging to the estate of Elizabeth Maxwell, by the trustees under her will, and the remaining 25 shares are owned, 5 shares each, by plaintiff, the two first named defendants and Jennie H. Finck and Stuart Maxwell, also named as defendants. On April 16, 1924, the corporation issued a stock dividend consisting of 1,000 shares of the par value of $50 each, of which 750 shares are held by the defendants Charles T. Maxwell and John S. Maxwell as trustees under the will of John Maxwell and 125 shares as trustees under the will of Elizabeth Maxwell, and 25 shares each are owned by these two defendants individually and by the three following persons, the plaintiff, Jennie H. Finck and Stuart Maxwell; after the distribution of the other personal estate of the said John Maxwell and Elizabeth Maxwell, deceased, in the year 1908, "the only property, estate or, assets received, held or controlled by defendants Charles T. Maxwell and John S. Maxwell, as trustees," has consisted of "the shares of stock of the Wilton Hygiene Underwear Knitting Company, and the income and profits the result of such ownership"; since April, 1909, "defendants Charles T. Maxwell and John S. Maxwell have annually used their control as trustees of a majority interest in the stock of the said......company, being a seven-eighths interest, at the annual meeting of stockholders,......to elect themselves as individuals, together with the defendant Jessie M. Bowman, the only

directors of said corporation, and,......claiming to act as directors of said corporation, together with the said Jessie M. Bowman, have annually elected the said Charles T. Maxwell as president and general manager of said corporation and have fixed and determined his compensation as such."

The bill avers that the salaries thus fixed, and certain additional compensation voted to Charles T. Maxwell, are exorbitant; "that the said Charles T. Maxwell and John S. Maxwell, as trustees under the wills of John Maxwell and Elizabeth Maxwell, have rendered accounts to the Orphans' Court of Philadelphia County in or about the years 1915 and 1923, wherein they accounted only for the dividends on the stock of said Wilton Hygiene Underwear Knitting Company, and on both of said accountings Charles T. Maxwell was awarded and received the usual commissions as [acting] trustee on the sums therein stated to have been received and paid out by him, but on each of said accountings said trustees withheld and concealed the fact of the large payments made to said Charles T. Maxwell under the guise of salary as aforesaid"; and "that the sums secured by the said Charles T. Maxwell by the use of his position as trustee, under the guise of salary and commissions, together with his share (about one-seventh) of the sums distributed by the trustees as income of the trusts, since March 31, 1909, have amounted to more than $50,000 in excess of the total of the amounts received by all of the other beneficiaries under the said wills"; finally, that the corporation has "made profits in excess of the sums declared as dividends which total more than $23,000, but [plaintiff] has been and is unable to ascertain what disposition has been made of said profits."

The bill concludes by averring that, "by virtue of their possession of nearly all of its capital stock, in their capacity as trustees, the said corporation and its business are in truth and in equity a part of the estate and property held by the said Charles T. Maxwell and John S.

Maxwell as trustees, and to be accounted for by them as such," and praying for a decree (1) "compelling the defendants, Charles T. Maxwell and John S. Maxwell, as trustees under the last will and testament of John Maxwell, deceased, and as trustees under the last will and testament of Elizabeth Maxwell, deceased, to render and settle their accounts of their control and management of said Wilton Hygiene Underwear Knitting Company, and particularly of the moneys received therefrom by said Charles T. Maxwell, and of the profits of said corporation in excess of the sums distributed as dividends"; (2) directing the trustees to pay to plaintiff "her proportionate share, as provided in said wills, of any distributable funds"; (3) and holding plaintiff to be "entitled to receive her share of any future moneys distributable by said trustees as provided in and by the terms of the wills of John Maxwell and Elizabeth Maxwell, deceased."

The court below dismissed the bill, saying, inter alia, "It is obvious that the purpose of the plaintiff is to secure by her bill an accounting from Charles T. Maxwell and John S. Maxwell upon the theory that they have succeeded as fiduciaries in making certain profits which they have appropriated to themselves personally. Over matters of such a character, the orphans' court of the county in which the wills of John and Elizabeth were proved has exclusive jurisdiction." But plaintiff insists that the orphans' court would not have jurisdiction in the present case, since, in order to learn whether the compensation paid to Charles T. Maxwell by the Knitting Company was unreasonably high, it is necessary to inquire into the operations of that corporation; and her counsel stated at argument that when the orphans' court was appealed to it refused on this ground to take jurisdiction. Then, relying on Goetz's Est., 236 Pa. 630, she contends that the court below,—the common pleas,—should have taken jurisdiction and granted the relief prayed for; but in this we cannot agree.

There is nothing in Goetz's Estate which holds that the common pleas should take jurisdiction of a bill such as the one now before us, which seeks an accounting by testamentary trustees of what the bill particularly alleges to be assets of the estates of two decedents, shares of which are claimed by plaintiff as a legatee. The Goetz Case decides that where all the property owned by a decedent's estate is transferred to a corporation, formed for the purpose of holding such assets, and practically all the stock of such corporation is owned by the estate, this condition of affairs does not make the heirs of the decedent owners of the property of the corporation, but, at the best, only the owners of its stock,—the property all the while belonging to the corporation as a separate legal entity; and, therefore, the orphans' court had no jurisdiction to ascertain or distribute the profits of such a corporation. We there said on this point (p. 635), "the affairs of a corporation are managed by a board of directors, who, in the first instance, are to determine whether profits have been earned and whether, in their discretion, they ought to be divided among the shareholders; and, if such discretion is abused, the remedy for its correction is not to be found in an orphans' court."

Our decision in Goetz's Estate does not mean, however,—as appellant would interpret it,—that because the orphans' court could not inquire into the inner workings of a live corporation, treating its property as part of the estate of a decedent, the court of common pleas can so treat the property in question, and on that avowed basis give the very relief which the orphans' court could not afford. On such a bill as here filed, neither court could give the relief proposed; the orphans' court could not, for lack of jurisdiction over the corporation and its directors, and the common pleas could not, for lack of jurisdiction to ascertain and distribute what plaintiff expressly claims to be the assets of a decedent's estate.

But if, in the present instance, plaintiff is in a position to satisfy the proper court that a wrong has been committed in the management of the corporation so largely owned by the estates of her parents, the case of Sotter v. Coatesville Boiler Works, 257 Pa. 411, 422, suggests that she is not without remedy. That was an equity proceeding by certain stockholders against a corporation and its officers, where the bill prayed that the corporation be restrained from paying exorbitant salaries to its officers, and that the latter should be made to account for alleged excessive compensation already paid to them. We there said: "Where a board of directors votes excessive salaries to certain of its members, who are also officers or employees of the corporation,...... when called in question by a minority stockholder, the action of the board is subject to review by a court of equity, and, if the finding of the latter tribunal is that the salaries in question are exorbitant, it may determine the value of the services rendered by the officers or employees in question and restrain the corporation from paying in excess thereof." See also Lowman v. Pierce Co., 276 Pa. 382, 386.

If in the present case it be said that the major portion of the stock is held in the name of the defendant trustees, that plaintiff is but a cestui que trust, and therefore not in a position to file such a bill as was resorted to in the Sotter Case, the answer is, (1) it appears by the instant bill that certain shares of the stock belong to plaintiff in her own right; (2) on a proper showing the orphans' court has power to appoint a trustee ad litem for the purpose of pressing a suit where regularly named testamentary trustees do not act, or are not in a position to act disinterestedly, for the protection of testamentary interests involved in the litigation: see Snyder's Est., 274 Pa. 574, 576.

The order appealed from is affirmed at cost of appellant.