## Watson's Estate.

Argued January 4, 1934. Before FRAZER, C. J., KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Edward Lindsey,* with him *C. E. Bordwell,* for appellants.

*S. Y. Rossiter,* for appellee.

OPINION BY MR. JUSTICE DREW, January 30, 1934:

Caroline E. Watson, of Warren, died January 6, 1919, testate.   By the sixth paragraph of her will* she directed

---

\* The paragraph reads as follows: "Sixth.   I give and bequeath all the rest, residue and remainder of my estate, after the foregoing bequests hereinbefore contained are provided for, and subject to the payments made or to be made by my executors under the fifth clause of the third paragraph of this will, to found, build and maintain a home for indigent gentlewomen, either widowed or unmarried who have reached the age of sixty-five years, such home to be located in the vicinity of Warren, but outside of the borough of Warren, not to exceed thirty thousand ($30,000.00) Dollars, thereof to be devoted to the construction and furnishing of the building which must be substantial but plain avoiding extravagance in its construction and capable of accommodating from thirty-five to forty inmates.   For the purpose of carrying this bequest into effect, I direct a charter under the laws of the Commonwealth of Pennsylvania to be procured, under the direction of my executors, of which corporation Freeman E. Hertzel, Arthur Gordon Eldred, and John Albert Rockwell shall be on the Board of Directors or Trustees, and Anna G. Rockwell and Josephine B. Smith Freeman shall be of its members, and to which corporation this bequest shall be transferred by my executors upon the organization of such corporation as fast as practicable."

that a corporation be formed, to which corporation she bequeathed her residuary estate for the purpose of founding and maintaining a home for indigent gentlewomen over the age of 65. The will was probated in Warren County, and, in obedience to its terms, the corporation mentioned was incorporated in 1921 under the name of Watson Memorial Home, and the residue of testatrix's estate, which, at the time of the first and partial account of the executors in 1924, amounted to more than $675,000, was paid over to it. In May, 1932, Elizabeth Muse, a resident of Warren, averring that the directors of the Watson Memorial Home had failed to carry out the instructions of testatrix's will, petitioned the Orphans' Court of Warren County to remove them and to appoint new directors in their stead. The directors, availing themselves of the provisions of the Act of March 5, 1925, P. L. 23, appeared specially and objected to the jurisdiction of the orphans' court to consider the matter. Their petition to dismiss the case for lack of jurisdiction was overruled, and this appeal followed.

But one question is presented for our consideration: Has the orphans' court jurisdiction to remove from office directors of a charitable corporation, organized at the direction of the will of a decedent, which has received, as a bequest, the residuary estate of the decedent? The question must be answered in the negative. The orphans' court is a court of limited powers; its jurisdiction is entirely statutory, and it possesses and exercises only such powers as are conferred upon it expressly or by necessary implication: Ake & Feay's App., 74 Pa. 116; Cutler's Est., 225 Pa. 167; Baum's Est., 260 Pa. 33. The present jurisdiction of the orphans' court is defined by section 9 of the Orphans' Court Act of June 7, 1917, P. L. 363, as amended by the Act of June 26, 1931, P. L. 1384. Neither in the section as originally enacted nor in the amendment is any power given to the orphans' court from which it might even be inferred that that court has

authority to regulate the affairs of any corporation, whether charitable or not.

Petitioner insists that the orphans' court has jurisdiction in this case as an exercise of its power over the management of a decedent's estate, but there is no basis for this contention. In obedience to the bequest contained in decedent's will, the executors have paid over and finally distributed to the corporation the fund in its possession, and it is no longer a part of the estate. The action which petitioner seeks to have the court take would not be an exercise of its authority to supervise the management of property in its hands, but an attempt to regulate the internal management of a corporation. This it cannot do, even where the executors of an estate in the hands of the court own a dominant interest in the corporation: Goetz's Est., 236 Pa. 630; see Nixon's Est., 239 Pa. 270; Browne v. Maxwell, 288 Pa. 398. There would be even less excuse for so doing in the instant case, where the fund has been given absolutely to the corporation, and the estate has no interest in it whatever.

Nor can this attempt to have the orphans' court remove the directors of the corporation be justified on the ground that it would be an exercise of its jurisdiction over testamentary trustees. The provision of decedent's will was a bequest to a charitable corporation, not to its directors as trustees for charitable uses. The gift was an outright one, and no trust was created by the will. True, the testatrix used the word "trustees" in referring to the directors of the corporation, but it is clear from a reading of the will that the term "trustees" was used simply as a synonym for "directors," because she each time referred to them as "directors or trustees." Since no trust was established, respondents are not testamentary trustees, and hence not subject for that reason to the jurisdiction of the orphans' court.

The decree of the court below is reversed without prejudice at the cost of appellee.