Opinion by
 

 Keller, P. J.,
 

 The orphans’ court is a court of limited jurisdiction, having only those powers expressly given it by statute:
 
 Mains’s Est.,
 
 322 Pa. 243, 246, 247, 185 A. 222;
 
 Watson’s Est.,
 
 314 Pa. 179, 181, 170 A. 254;
 
 Cutter’s Est.,
 
 286 Pa. 505, 506, 507, 134 A. 489;
 
 Farrer v. Denning,
 
 11 Pa. Superior Ct. 62, 65;
 
 Schnepf’s Est.,
 
 48 Pa. Superior Ct. 580, 582;
 
 Cunningham’s Est.,
 
 75 Pa. Superior Ct. 190, 192. While it is a constitutional court (Art. v. sec 1; Art. v, sec. 9), the provision in the present Constitution (Art. v, sec. 22) respecting its jurisdiction is ¡as follows:
 

 
 *89
 
 “In every county wherein the population shall exceed one hundred and fifty thousand, the General Assembly shall, and in any other county may, establish a separate orphans’ court, to consist of one or more judges, who shall be learned in the law, which court shall exercise all the jurisdiction and powers now vested in or which may hereafter be conferred upon the orphans’ courts, and thereupon the jurisdiction of the judges of the courts of common pleas
 
 [1]
 
 within such county, in orphans’ court proceedings, shall cease and determine.”
 

 We have examined with care the acts of assembly which conferred jurisdiction on the orphans’ court prior to the Constitution of 1873, among them the Acts of March 29, 1832, P. L. 190; April 14, 1834, P. L. 333, secs. 52 and 57; June 16, 1836, P. L. 784, sec. 19, p. 792; and also the present Orphans’ Court Code of June 7, 1917, P. L. 337 to 559, and its amendments, enacted under the present Constitution; and we find no jurisdiction whatever conferred on the orphans’ court to set aside a sheriff’s sale of real estate sold under a fieri facias issued out of a court of common pleas upon a judgment obtained therein against a decedent in his or her lifetime.
 

 Elizabeth Peterson, late of Westmoreland County, Pennsylvania, died testate on June 30, 1920, leaving to survive her a husband, Peter Peterson, and eight children of whom the appellant, Nicholas Peterson, was one. Six of these children were then minors. Letters testamentary were issued to A. M. Dick, the executor named in the will. By her will she gave her real estate
 
 *90
 
 to her husband for his natural life, to be divided at his death among her children. When she ¿lied her real estate situate in Westmoreland County was encumbered with a judgment held by her brother, George Roth, or Rote, or Wrote. Execution was issued on this judgment by the holder and the real estate was sold by the sheriff to Peter Peterson, and was conveyed to him by deed dated August 28, 1925 (recorded in Deed Book Yol. 613, p. 157).
 

 The said Peter Peterson, husband of the decedent and purchaser of said real estate at sheriff’s sale, later married Amelia Josephine Peterson and died on April 29, 1936, leaving a last will and testament devising all his property to his second wife, Amelia Josephine Peterson.
 

 The children of Elizabeth Peterson and Peter Peterson were all of age by 1932, four years before the death of Peter Peterson.
 

 Sometime in 1940, the exact date does not appear in the record, Nicholas Peterson, having obtained the grant to himself of letters of administration d.b.n.c.t.a. in the estate of Elizabeth Peterson, deceased, vice A. M. Dick, deceased, filed his petition in the Orphans’ Court of Westmoreland County, praying the court to issue a citation, directed to the said Amelia Josephine Peterson, to ¡show cause why the sheriff’s deed to Peter Peterson, as aforesaid, should not be set aside, can-celled and declared null and void. The court refused the petition on the ground ,of want of jurisdiction. The petitioner appealed.
 

 The correctness of the court’s ruling is established by what we have said in the early part of this opinion. See, in addition to the cases already cited,
 
 Spencer’s Est.,
 
 227 Pa. 469, 472, 76 A. 172.
 

 The appellant has mistaken the remedy. If the sale was wholly invalid for failure to comply with the prescribed legal requirement, ejectment by the children would be the remedy
 
 (Spencer’s Est.,
 
 supra); other
 
 *91
 
 wise, if the children were entitled to any relief, it had to be sought in a bill in equity filed by them to. have their father declared to have purchased the land at the sale as a trustee for himself and them, as owners in succession under the will of Elizabeth Peterson, deceased.
 

 The decree is affirmed at .the costs of the appellant.
 

 [1]
 

 Prior to the Constitution of 1873, the judges of the courts of common pleas of each county composed the orphans’ court thereof. Constitution of 1838, Art. v. sec. 7; Constitution of 1790, Art. v, sec. 7; and, under the present Constitution, in counties not having a separate orphans’ court the judges of the courts of common pleas, learned in the law, are still jthe judges of the orphans’ court, Art. v, sec. 9.