## Steele Estate

142

*C. William Kraft, Jr.,* for accountants.

*Stephen J. McEwen,* for exceptant.

VAN RODEN, P. J., January 23, 1953.—Decedent died February 15, 1951, survived by his widow, Agnes Steele, who has since remarried and is now known as Agnes McGillin.

By virtue of the provisions of decedent's will, as modified by the surviving spouse's election to take against the will, the widow is entitled to one half of decedent's entire distributive estate; the brother, Emmor D. Steele, is entitled to thirty-five sixty-fifths of the remaining residuary estate (after deducting the widow's share and a certain pecuniary legacy); and decedent's nephew, John H. Steele, is entitled to ten sixty fifths of such residuary estate. It is unnecessary for the present purposes to cite the remaining shares of residue.

The principal asset of decedent's estate consists of 4,998 shares of Steele's Chevrolet, Inc., a Pennsylvania corporation. The total outstanding capital stock of this corporation consists of 5,000 shares. Of the two shares not owned by decedent's estate, one share is held individually by Emmor D. Steele and the other share is held individually by John H. Steele. Both Emmor D. Steele and John H. Steele actively participated in the operations of the corporation prior to decedent's death and were duly elected officers and directors. The same persons were designated by decedent to be the executors of

his estate. After decedent's death, the individuals voted the estate's stock in favor of the election of themselves as officers and directors.

By written agreement dated August 26, 1952, the widow and the residuary legatees entered into an agreement which recited that it was deemed advisable to continue the operation of Steele's Chevrolet, Inc., as a going business concern and provided for distribution of the shares of stock in the corporation in kind unto the widow and the residuary legatees in proportion to their interests in the estate. It was further agreed that such distribution should be based at an agreed value of $25 per share.

When the first and final account of the executors was called for audit, the widow presented a petition for an order requiring the executors to appoint her as "co-manager" of the corporate business and also filed a petition to have the court direct the executors to take appropriate action to have a dividend declared. At the same time, the widow filed certain exceptions to the account and the proposed distribution, alleging that the accountants "failed to account for substantial profits" realized by the corporation after decedent's death and "failed to include in their account any statement of the management and operation" of the corporation.

It seems clear that both the petitions and the exceptions raised but a single issue, to wit, whether the widow, in her capacity as beneficiary, can compel the accountants in their fiduciary capacity, to report to this court the details of the conduct and operation of the business of the corporation and whether this court can compel the accountants to cause a corporate dividend to be declared, and also compel the accountants to admit the widow into active participation in the affairs of the corporation, or whether the widow will be relegated as a distributee in kind of shares of stock

in the corporation to an action in the court of common pleas directed against the corporation.

It may be that there is a conflict of interest between the accountants in their fiduciary capacity and their other capacities as shareholders, officers and directors of the corporation. If so, this conflict of interest was created by testator himself and necessarily modifies or displaces the otherwise absolute limitation against self-dealing: Flagg Estate, 365 Pa. 82 (1950). Accordingly, in the absence of any showing by exceptant of any fraudulent or other improper action on the part of the accountants, this court is without power to control the fiduciaries in the exercise of proper powers conferred upon them by law as officers and directors of the corporation.

It is fundamental that the orphans' court has no jurisdiction to regulate the internal affairs of a corporation, notwithstanding ownership by the decedent of shares of stock in the corporation. Goetz's Estate (No. 1), 236 Pa. 630 (1912). Likewise, the orphans' court cannot compel the directors of a corporation to declare a dividend: Green et al. v. Philadelphia Inquirer Company et al., 329 Pa. 169 (1938). Furthermore, the orphans' court cannot dictate who shall be appointed to or removed from the board of directors of a corporation: Watson's Estate, 314 Pa. 179 (1934).

By virtue of the written agreement dated August 26, 1952, the widow is entitled to receive distribution in kind of 2,401 shares of stock of Steele's Chevrolet, Inc. As soon as such distribution has been effected, she will then have all the legal rights of a shareholder in the corporation and will be in sound legal position to question any of the actions of the corporation's officers or directors, will also have sufficient shares to elect herself to membership on the board of directors, and will have full and free access to all the corporation's books of account and records. If she then elicits facts dis-

closing mismanagement of the corporation's affairs by its officers and directors, she will be entitled to full and adequate relief in equity. This court, however, is clearly without jurisdiction to grant her any of the relief which she now requests.

Accordingly, the exceptions heretofore filed by the widow are hereby dismissed by the court; the petition to have the widow appointed "co-manager" of Steele's Chevrolet, Inc., is hereby dismissed, and the petition to compel the declaration of a dividend by Steele's Chevrolet, Inc., is hereby dismissed; such dismissal, however, in each case, to be without prejudice to any shareholder's rights which the widow may have or acquire by virtue of distribution in kind unto her of 2,401 shares of stock of Steele's Chevrolet, Inc., in conformity with the aforementioned written agreement of August 26, 1952, and pursuant to the award of this court made contemporaneously herewith.