## Newcomer Estate

*Lightcap, McDonald & Moore*, for accountant.
*Messer & Shilobod*, for exceptant.

KEIM, *P.J.*, September 13, 1978—This matter is presently before the court upon a motion for subpoena duces tecum filed by counsel for Mary

Penelope Newcomer Galloway, a beneficiary in the above captioned case, and upon a motion for protective order filed by counsel for William A. Newcomer, executor in the estate and counsel for Newcomer Products, Inc. Both motions were filed on January 5, 1978.

The reason for the delay in writing this opinion was that the court was waiting for briefs which did not catch up with the court until approximately two weeks ago. The court waited for a brief that was never forthcoming for the reason that the memorandum submitted at the time of presentation of the matter was to be considered a brief and the court misunderstood.

William E. Newcomer died testate on July 6, 1967. Letters testamentary were granted to William A. Newcomer on July 12, 1967. The personal property of decedent included 45,946 shares of Newcomer Products, Inc., more than 41 percent of the total outstanding stock of the corporation. Under the terms of decedent's will, Mary Penelope Newcomer Galloway is entitled to 13,784 shares of Newcomer Products, Inc., after payment of the just debts of the estate.

William A. Newcomer, the executor of the estate, is also a member of the board of directors of Newcomer Products, Inc., and is the vice president and treasurer of the corporation. As executor of the estate, William A. Newcomer has held the power to vote the 45,946 shares of stock owned by the estate since 1967. This power is statutorily granted to an executor by the Probate, Estate and Fiduciaries Code of June 30, 1972, P.L. 508, 20 Pa.C.S.A. §3320, which states: "The personal representatives or a majority of them, either in person or by proxy, may vote stock owned by the estate."

Mary Penelope Newcomer Galloway, through her attorneys Messer & Shilobod, has filed exceptions to the first and partial account filed by the executor. Exception 19 of the beneficiary was as follows:

"19. William A. Newcomer, Executor, has so managed the above estate so as to utilize the voting power of the stock owned by the estate in Newcomer Products, Inc., to place and maintain himself and Joseph Newcomer and others on the Board of Directors of Newcomer Products, Inc., and so as to increase the salaries, bonuses, and stock options to himself, Joseph Newcomer and others to an unreasonably excessive degree, and so as to unreasonably minimize the dividends paid by Newcomers Products, Inc., to the estate of William Edward Newcomer, deceased, and has failed to close the estate and transfer all voting power of said stock to said beneficiaries within a reasonable length of time so as to personally and unreasonably gain thereby and to unjustly give himself and Joseph Newcomer and others lifetime high cost employment contracts and pension benefits, so as to minimize and prevent the realization of benefits to Mary Newcomer Galloway in her rightful share of the proceeds of the estate and to fully deprive her of all the rights and benefits to which she is entitled as beneficiary of the estate."

On Thursday, January 5, 1978, Messer & Shilobod submitted to this honorable court a motion for subpoena duces tecum directed to William A. Newcomer and Newcomer Products, Inc., requesting that Newcomer Products, Inc., be compelled to supply for inspection at the deposition, certain corporate records, and also that these records be made

available at the time of any hearing on said exception. The motion further requested that a subpoena duces tecum be directed to A. A. Duerr, Ph.D., and Hay Associates, requesting that they submit to the same deposition and appear at the hearing before this court on the exception with certain records and a report which they had prepared for Newcomer Products, Inc., at the direction of Newcomer Products, Inc. The said study of Hay Associates was a study of the compensation paid to certain officers and employes of Newcomer Products, Inc.

On the same date, attorneys for William A. Newcomer and Newcomer Products, Inc., filed a motion for protective order requesting that the court prohibit the discovery or inspection of corporate records, and also that it prohibit the discovery of A. A. Duerr, Ph.D., and matters relating to the Hay Associates report.

## DISCUSSION

The argument before this court is really whether or not the matters mentioned in exception 19 are properly before the orphans' court division of the court of common pleas. In other words, does the orphans' court division have jurisdiction to inquire into the operation of a corporation.

The orphans' court is a court of limited powers. Its jurisdiction is entirely statutory and it possesses and exercises only such powers as are conferred upon it expressly or by necessary implication: Watson's Estate, 314 Pa. 179, 170 Atl. 254 (1934). Neither in any statutes of the Commonwealth is there any power given to the orphans' court from which it might be inferred that the court has authority to regulate the affairs of any corporation: Watson's Estate, supra, at 181.

In Watson's Estate, supra, a corporation was set up under the terms of the Will of Caroline E. Watson directing that a corporation be formed for the purposes of founding and maintaining a home for indigent gentlewomen over the age of 65. A petition was presented to the orphans' court requesting that the orphans' court remove the directors of said corporation and the court refused, stating that it had no powers over corporations, whether charitable or not. The court refused to take action, stating that such action was an attempt to regulate the internal management of a corporation, and the orphans' court cannot do this even where the executors in an estate own a dominant interest in the corporation.

In Goetz's Estate (No. 1), 236 Pa. 630, 85 Atl. 65 (1912), the factual situation was similar to the case at bar and as in the case at bar, certain beneficiaries were asking the orphans' court to set salaries and regulate the distribution of the profits of the corporation. The court refused to do so and stated:

"How are corporate profits to be ascertained and by whom are they distributed? Surely not by an Orphans' Court, to which no living manufacturing company is ever answerable for the management of its affairs . . . The affairs of a corporation are managed by a board of directors, who, in the first intance, are to determine whether profits have been earned and whether, in their discretion, they ought to be divided among the shareholders; and, if such discretion is abused, the remedy for its correction is not to be found in the Orphans' Court.

"Until a dividend of the profits of a corporation has been declared by its board of directors, a stockholder has no legal title to any interest in them. The shares of stock which he holds represents only a right to participate in the profits, and that right is to

be enforced ordinarily only after a dividend of the profits has been declared." Goetz's Estate, supra, at 635.

This case recognizes the well settled principle that a corporation is a separate entity from that of the shareholders. The shares of the capital stock of a corporation are essentially distinct and different from the corporate property, and the owner of shares in a corporation does not own the corporate property or become entitled to manage or control it: Goetz's Estate, supra, at 634. See also Browne v. Maxwell et al., 288 Pa. 398, 136 Atl. 232 (1927).

In addition, the profits of the corporation are not personal property which has come into the hands of the executor of the corporation; therefore, not subject to the control of the orphans' court.

If there has been any abuse of power by the corporate officers or directors, a remedy shall lie in the court of common pleas, civil division, rather than the orphans' court division, which has no powers to regulate the internal affairs of a corporation as can be shown in the above cited cases.

## CONCLUSION OF LAW

1. The court is of the opinion that the matters contained in exception 19 to the first and partial account of the executor are not properly before the orphans' court division of the court of common pleas of Westmoreland County, Pennsylvania.

2. The affairs of the corporation, Newcomer Products, Inc., are not within the jurisdiction of the orphans' court division of the court of common pleas of Westmoreland County, Pennsylvania.

3. Due to the foregoing conclusions one and two, the court believes that the motion for subpoena duces tecum should be denied.

4. Due to the foregoing conclusions, the court believes that the motion for protective order should be granted.

## ORDER

And now, September 13, 1978, upon consideration of briefs submitted in the above captioned case, the motion for subpoena duces tecum filed by Messer & Shilobod, attorney for Mary Penelope Newcomer Galloway, is denied, and the motion for protective order filed by Lightcap, McDonald and Moore, counsel for Newcomer Products, Inc., is hereby granted.